DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Andre Jackson, appeals from his conviction and sentence in the Summit County Court of Common Pleas for felonious assault. We affirm Appellant's conviction, reverse the imposition of his sentence, and remand.
 I. {¶ 2} In the early morning hours on October 31, 2004, Tabitha Allen, who was eight and one-half months pregnant at the time, went to an apartment building with several of her friends to look at a truck owned by friend Rodney Thompson. While these individuals were in the parking lot, Appellant drove into the lot with three friends. A fight broke out between Ms. Allen's friends and Appellant's group. Allen, however, did not participate in the fight. In the midst of the fighting, Appellant hit and ran over Ms. Allen with his automobile in the parking lot. As a result of this incident, Ms. Allen suffered fractured pelvic bones, hips and ribs, as well as injuries to her neck and leg. Ms. Allen also had an emergency cesarean section surgery. The child survived.
 {¶ 3} On November 8, 2004, the Summit County Grand Jury indicted Appellant on one count of felonious assault upon Ms. Allen, in violation of R.C. 2903.11(A)(1), a second-degree felony. Appellant pled not guilty to the charge. Thereafter, a supplemental indictment was filed charging Appellant with an additional count of felonious assault upon Ms. Allen's unborn child, pursuant to R.C. 2903.11(A)(2). Appellant also pled not guilty to this charge.
 {¶ 4} A trial was held, and a jury found Appellant guilty of felonious assault upon Ms. Allen, but found him not guilty of felonious assault upon her unborn child. The trial court sentenced Appellant to four years incarceration, a non-minimum sentence per R.C. 2929.14(A)(2). This appeal followed.
 {¶ 5} Appellant timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED WHEN IT IMPOSED APPELLANT'S SENTENCE WITHOUT COMPLYING WITH THE REQUIREMENTS OF R.C. § 2929.14."
 {¶ 6} In his first assignment of error, Appellant asserts that the trial court erred in sentencing because it did not make the requisite findings pursuant to R.C. 2929.14(B). We agree.
 {¶ 7} An appellate court may remand for re-sentencing on a felony conviction if it clearly and convincingly finds that the court's findings are unsupported by the record, or that the sentence imposed by the trial court is otherwise contrary to law. R.C. 2953.08(G)(2); State v. Stearns (May 5, 2004), 9th Dist. No. 03CA008343, at ¶ 17. R.C. 2929.14(B) provides:
"(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} The Supreme Court has held that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999),86 Ohio St.3d 324, 326.[1] In the instant case, the court did not discuss the requisite R.C. 2929.14(B) factors in its February 14, 2005 sentencing entry. Specifically, the entry provided only the following statutorily-mandated findings:
"The Court has considered the record, oral statements, as well as the principles and purposes of sentencing under O.R.C.2929.11, and the seriousness and recidivism factors under O.R.C.2929.12[.] * * * The Court further finds the following pursuant to O.R.C. 2929.12(B):
"(1) not to sentence the Defendant to a period of incarceration would not adequately protect society from future crimes by the Defendant, and would demean the seriousness of the offense; AND
"The Court further finds the Defendant is not amenable to community control and that prison is consistent with the purposes of O.R.C. 2929.11."
 {¶ 9} Furthermore, while the prosecution did recommend a longer sentence and noted that Appellant had a criminal record that included felony and misdemeanor offenses, the record before this Court does not indicate whether Appellant had previously served a prison term. See R.C. 2929.14(B)(1).
 {¶ 10} Therefore, we find that the trial court's oversight was contrary to law and constituted error in this respect, and we sustain Appellant's first assignment of error on this basis. See R.C. 2953.08(G)(2); Stearns at ¶ 17. We remand the case to the trial court to conduct further proceedings consistent with this decision.
 B. Second Assignment of Error
"APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN HIS ATTORNEY FAILED TO REQUEST A JURY INSTRUCTION FOR A LESSER INCLUDED OFFENSE."
 {¶ 11} In his second assignment of error, Appellant asserts that he received ineffective assistance of counsel. Specifically, Appellant insists that counsel should have requested a jury instruction on a lesser included offense to felonious assault. We disagree.
 {¶ 12} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. SeeMcMann v. Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763. A two-step process is employed in determining whether the right to effective counsel has been violated:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." See State v.DeNardis (Dec. 29, 1993), 9th Dist. No. 2245-M, at *4.
 {¶ 13} Appellant maintains that his trial counsel should have requested a jury instruction on a lesser included offense. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith
(1985), 17 Ohio St.3d 98, 100. There are numerous avenues through which counsel can provide effective assistance of counsel in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 49; State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at *23.
 {¶ 14} "[W]hether to request a specific jury instruction on a lesser-included offense is a matter of trial strategy left to trial counsel's discretion." State v. DuBois, 9th Dist. No. 21284, 2003-Ohio-2633, at ¶ 5, citing State v. Griffie (1996),74 Ohio St.3d 332, 333. As Appellant admits on appeal, "[c]ounsel's trial strategy was to concede that Appellant's car struck Tabitha Allen, but that it was accidental," and seek an acquittal based on a finding that Appellant did not act "knowingly" per R.C. 2903.13(A). Nothing in the record suggests that counsel's decision was anything other than a tactical decision to seek acquittal from the charges. Therefore, we find that Appellant did not receive ineffective assistance of counsel.
 {¶ 15} Appellant's second assignment of error is overruled.
 C. Third Assignment of Error
"THE TRIAL COURT ERRED IN PERMITTING WITNESSES TO TESTIFY AS TO APPELLANT'S STATE OF MIND."
 {¶ 16} In his third assignment of error, Appellant asserts that the trial court allowed witness Rodney Thompson to testify as to Appellant's state of mind at the time of the incident, and that this constituted error.
 {¶ 17} Appellant refers us to a single reference in the transcript of Mr. Thompson's trial testimony during his direct examination by the prosecution, in which he detailed Appellant's actions during the incident:
"[PROSECUTION]: So it didn't appear to you as though [Appellant] just absolutely ran over Tabitha Allen as he was trying to get out of the parking lot?
"[DEFENSE COUNSEL]: I'm going to object.
"THE COURT: Just rephrase.
"* * *
"[PROSECUTION]: Based on your observations, was this accidental?
"[DEFENSE COUNSEL]: Objection.
"THE COURT: I'll allow that. You can answer.
"[THOMPSON]: Was it accidental? No. It wasn't accidental.
"[PROSECUTION]: Why do you say it wasn't?
"[THOMPSON]: Because * * * he was trying to hit more than just one person. He — I don't know what his intentions was to kill anybody with the vehicle, but he was trying to hit people with the car. He was trying to hit people with the car. If you seen like six or seven people in the parking lot, you don't drive around and do doughnuts like that because you going to hit somebody.
"Now, the first time she was knocked down, that may have been accidental because he didn't see. But you still — how can it be an accident when you've got eight people and you're driving around like that?
"* * *
"Accidental, if you want to call it accidental the first time, you got eight people and it's the commotion going on and people driving around and people dodging, you trying to hit me * * *."
 {¶ 18} In addition to Mr. Thompson's testimony, the State produced the testimony of four other individuals who witnessed the incident, including the victim. Mr. Thompson's testimony consisted of firsthand knowledge and aided the jury as the finder of fact in determining, from the set of facts and circumstances presented, what Appellant's state of mind was during the incident. See Evid.R. 701. See, also, State v. Scheiman, 9th Dist. No. 04CA0047-M, 2005-Ohio-15, at ¶ 14-15. Given the state of the evidence against Appellant, it was entirely reasonable for the jury to convict him of felonious assault. See R.C.2903.11(A)(1). Therefore, any error that may have occurred was harmless. See Crim.R. 52(A).
 {¶ 19} Appellant's third assignment of error is overruled.
 III. {¶ 20} Appellant's first assignment of error is sustained. Appellant's second and third assignments of error are overruled. Appellant's conviction in the Summit County Court of Common Pleas is affirmed. Appellant's sentence is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, P.J., Moore, J. concur
[1] We do note for the sake of clarity that a trial court is not required to provide its reasons for these findings.Edmonson, 86 Ohio St.3d at 326.