The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown*, 166 Ohio App.3d 90, 2006-Ohio-1792.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2005–T–0029.

Decided April 7, 2006.

Robert L. Johnson, Girard City Prosecutor, for appellee.

Michael D. Rossi, for appellant.

———

WILLIAM M. O'NEILL, Judge.

{¶ 1} This appeal challenges the order of the Girard Municipal Court sentencing appellant, Jodirae B. Brown, to jail approximately ten months after her guilty pleas to misdemeanor charges. On review, we reverse the judgment of the trial court and remand this matter to the trial court.

{¶ 2} On March 7, 2004, Brown was arrested by the Liberty Township Police for driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(1); driving with a prohibited breath-alcohol content, a violation of R.C. 4511.19(A)(4); and for a violation of the marked-lanes statute, R.C. 4511.33. The breath-alcohol test reflected a breath-alcohol level of .116 deciliters of alcohol to 210 liters of breath.

{¶ 3} Brown entered pleas of not guilty in the Girard Municipal Court on March 9, 2004.

{¶ 4} On May 19, 2004, Brown entered into a "Rule 11 Agreement," whereby she withdrew her not-guilty pleas and entered pleas of guilty to all three charges. As part of the agreement, her sentence was taken "under advisement" by the trial court and the following additional order was entered:

{¶ 5} "Defendant's motion for treatment in lieu of conviction offered pursuant to Common Law be and hereby is sustained with a finding that the criteria has [sic] been met. Defendant's plea of guilty is taken under advisement for a period of one year and the defendant is hereby diverted to probation."

{¶ 6} On February 11, 2005, the probation department of the Girard Municipal Court moved to have Brown found to be in violation of her probation. Brown appeared for a violation-of-probation hearing on March 9, 2005. The trial court found her to be in violation of her probation and entered the following order on the same date:

{¶ 7} "Based upon the evidence, the court finds that [Brown] violated the terms and conditions of probation and is in contempt. Accordingly, [Brown] is sentenced under separate journal in this case [dated March 9, 2005] and incorporated as if fully rewritten at this point."

{¶ 8} Also on March 9, 2005, the trial court entered a separate sentencing order, which reflects that Brown re-entered pleas of guilty to the charges under R.C. 4511.19(A)(1) and R.C. 4511.33. The charge under R.C. 4511.19(A)(4) was dismissed. The court adjudged her sentence as follows: fine of $1,000 on the driving-while-under-the-influence charge, $750 of which was suspended; 180 days in jail, 120 days of which was suspended; probation up to and including August 1, 2006; suspension of operator's license up to and including May 19, 2006; and a fine of $25 for the marked-lanes violation. Her commitment was to commence forthwith, and her motion to stay execution of her jail sentence pending appeal was denied. Costs were adjudged against her.

{¶ 9} Brown filed a timely appeal in this court together with a motion to stay execution of her commitment to jail pending appeal, which was granted on the condition that she observe all other conditions of her probation, and that she post a $3,000 surety bond, or ten percent cash.

{¶ 10} Brown's single assignment of error is as follows:

{¶ 11} "The trial court erred in sentencing Defendant–Appellant below."

{¶ 12} This court's analysis of this assignment of error addresses the issue of whether the sentencing procedure invoked by the trial court, referring Brown to a program of "treatment in lieu of conviction offered pursuant to Common Law," can be upheld where it is not authorized by statute. We hold that it cannot.

{¶ 13} "The function and duty of a court is to apply the law as written." [1]

{¶ 14} In the case of *Colegrove v. Burns,* the Supreme Court of Ohio described the role of a trial court in sentencing a convicted criminal:

{¶ 15} "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute * * *" [2]

{¶ 16} Therefore, "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." [3]

{¶ 17} The trial court's granting Brown's motion for treatment in lieu of conviction pursuant to common law was a nullity because there is no statutory authorization for such an alternative.

{¶ 18} Treatment in lieu of conviction (renamed "intervention in lieu of conviction") is provided for in R.C. 2951.041. Under R.C. 2951.041(A), if the court elects to consider an offender's request for intervention in lieu of conviction, it must conduct a hearing to determine eligibility of the offender. Under R.C. 2951.041(C), if the court finds the offender to be eligible for the program, it shall accept the offender's plea of guilty, and it may stay the criminal proceedings and order the offender to comply with an intervention plan pursuant to division (D) of that statute. For at least one year from the date of the order granting the intervention in lieu of conviction, the offender must abstain from illegal drugs and alcohol and be subject to random drug testing. If, after at least one year, the offender successfully completes the intervention plan, the proceedings against the offender will be dismissed.[4]

---

1. *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774.

2. *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 195 N.E.2d 811.

3. *State v. Beasley,* supra, at 75, 14 OBR 511, 471 N.E.2d 774.

4. R.C. 2951.041(E).

{¶ 19} However, R.C. 2951.041(B)(2) provides that intervention in lieu of conviction is not available to one charged with a violation of R.C. 4511.19(A), which is what Brown was charged with in this case. Therefore, she could not have been given intervention in lieu of conviction under R.C. 2951.041, because she was not eligible for it; nor could she be given "common law" intervention in lieu of conviction, because that would be outside the sentencing statutes. The trial court's attempt to circumvent the sentencing statutes was a nullity.[5]

{¶ 20} Our holding is not meant to erode the ability of trial courts to impose innovative sentences, but merely to reinforce that all sentences must follow statutory guidelines. As stated by the Fourth Appellate District:

{¶ 21} "While trial courts have been given considerable discretion to modify sentences and are encouraged to impose 'innovative sentencing practices pre-scribed by law,' the court's discretion is limited by statutory guidelines. * * * The trial court does not have the authority to substitute a different sentence than provided for by law. A trial judge may only impose a sentence which is provided for by statute." [6]

{¶ 22} Under this assignment of error, Brown raises an additional issue regarding her sentence, that being that there was an unnecessary delay in imposing sentence.

{¶ 23} Brown received a fine and jail sentence approximately ten months after she entered guilty pleas to all charges. The sentence was imposed by the trial court as a result of Brown's violations of her probation during the period she was in treatment in lieu of conviction.

{¶ 24} Brown argues that the delay in sentencing her was an error on the part of the trial court and that her sentence should be vacated. On the authority of this court's opinion in *Willoughby v. Lukehart*, she asserts that the trial court lost jurisdiction to sentence her due to an unreasonable delay.[7] In the *Lukehart* case, the trial court ordered a presentence investigation report, but the report was never prepared. Sixteen months later, the trial court became aware that defendant had not yet been sentenced, and proceeded to sentence him. This court found that "the unjustified and lengthy delay deprived the trial court of jurisdiction to impose a sentence against appellant." [8]

---

5. *State v. Beasley*, 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774.

6. *State v. Drennen* (July 24, 1997), 4th Dist. No. 97CA2, 1997 WL 430664.

7. *Willoughby v. Lukehart* (1987), 39 Ohio App.3d 74, 529 N.E.2d 206, syllabus.

8. Id. at 76, 529 N.E.2d 206.

{¶ 25} We are mindful (1) that sentencing procedure is governed by Crim.R. 32, which provides that a "[s]entence shall be imposed without unnecessary delay," (2) that Sup.R. 39(B)(4) provides that "the court shall impose sentence or hold a sentencing hearing with all parties present within fifteen days of the verdict or finding of guilt or receipt of a completed pre-sentence investigation report," and (3) that Sup.R. 7 requires that the sentencing order "be filed and journalized within thirty days of the verdict, decree, or decision."

{¶ 26} However, we need not decide whether the delay in sentencing Brown was unreasonable or unnecessary. Instead, Brown's sentence was fatally flawed by the trial court's acceptance of her pleas of guilty on May 19, 2004, and, then, by its referral to a "common law" treatment-in-lieu-of-conviction program that was in violation of the Ohio sentencing statutes.

{¶ 27} The record does not reflect the proceedings of May 19, 2004, when Brown entered into the "Rule 11 Agreement," entered her pleas of guilty to all charges, her sentence was taken "under advisement," and she was referred to the "common law" treatment-in-lieu-of-conviction program. The procedure, however, mimics the intervention-in-lieu-of-conviction statute, R.C. 2951.041, and, therefore, the quid pro quo for being admitted to the treatment-in-lieu-of-conviction program was her entering guilty pleas to all charges. In this court's opinion, the guilty pleas cannot be sustained at this time, having been entered in anticipation of a program outside the scope of the Ohio sentencing statutes. The guilty pleas cannot be deemed to have been knowingly and intelligently entered, because they were predicated upon her entrance into a treatment-in-lieu-of-conviction program, which itself was not sustainable. Therefore, no part of the proceedings of May 19, 2004, including the guilty pleas entered by Brown, can be upheld. This matter needs to be returned to the trial court for further proceedings that proceed on the basis of her original pleas of not guilty.

{¶ 28} As a final issue under this assignment of error, Brown asserts that the trial court did not conduct the colloquy necessary to accept a guilty plea to a serious offense, that is, an offense for which the defendant could serve more than six months in jail.[9] However, as pointed out by appellee, Brown's offense is not categorized as a serious offense, because she could not have received more than six months in jail.[10] Therefore, a further discussion of this issue is unnecessary.

{¶ 29} Brown's assignment of error has merit.

---

9. Crim.R. 2(C).

10. R.C. 4511.19(G)(1)(a)(i).

{¶ 30} The judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

RICE, J., concurs.

GRENDELL, J., dissents.