OPINION
{¶ 1} Jodirae B. Brown appeals from the Girard Municipal Court's denial of her motion to suppress, in a case resulting in her conviction for operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(3). We reverse and remand. *Page 2 
 {¶ 2} March 7, 2004, about 2:00 a.m., Officer George Bednar of the Liberty Township Police Department was cruising south on Belmont Avenue, in Liberty Township, Trumbull County, Ohio. At Motor Inn Drive, a Pontiac pulled out in front of him. At this point, Belmont Avenue is a four lane road, with two lanes heading each direction, with a concrete divider in between. The Pontiac was in the left hand, southbound lane. Officer Bednar followed the Pontiac for about a quarter mile, until it turned left onto Liberty Street, where Officer Bednar made a stop. The driver of the Pontiac was Mrs. Brown. At the suppression hearing, Officer Bednar testified the Pontiac was driven "erratically," bouncing between the lines of the left hand lane on Belmont. Officer Bednar admitted on cross-examination that the weaving occurred entirely in the one lane of traffic.
 {¶ 3} As a result of the stop, Officer Bednar arrested Mrs. Brown. She was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); driving with a prohibited breath-alcohol content, in violation of R.C. 4511.19(A)(3); and for violation of the marked lanes statute, in violation of R.C. 4511.33. State v. Brown,166 Ohio App.3d 90, 2006-Ohio-1792, at ¶ 2 ("Brown I"). March 9, 2004, Mrs. Brown pleaded not guilty. Id. at ¶ 3. May 19, 2004, she entered a "Rule 11 Agreement"; withdrew her previous pleas; and pled guilty to each charge. Id. at ¶ 4. The trial court took her sentence "under advisement," and diverted Mrs. Brown to treatment in lieu of conviction, under supervision of the probation department, pursuant to the common law. Id. at ¶ 4-5.
 {¶ 4} Thereafter, Mrs. Brown was found in violation of her probation. The trial court dismissed the R.C. 4511.19(A) charge against her, but sentenced her to various *Page 3 
sanctions, including fines, jail time, and license suspension.Brown I at ¶ 6-8. Mrs. Brown appealed. Id. at ¶ 9. We reversed and remanded, finding the trial court's procedure of diversion to treatment, in lieu of conviction, to be improper, since unauthorized by statute. Id. at ¶ 12-17, 27-30.
 {¶ 5} On remand, the matter was set for trial, all the original charges being reinstalled. June 7, 2006, the trial court entertained, and overruled, Mrs. Brown's motion to suppress. Mrs. Brown then entered another "Rule 11 Agreement." The trial court dismissed the counts under R.C. 4511.19(A)(1) and R.C. 4511.33, and filed a judgment entry of conviction for violation of R.C. 4511.19(A)(3). While indicating that Mrs. Brown had pleaded "no contest," this judgment entry did not indicate whether she had been found guilty on the remaining charge.
 {¶ 6} Mrs. Brown timely noticed this appeal. July 28, 2006, we sua sponte remanded the matter to the trial court, so a judgment formally compliant with the requirements of State v. Ginocchio (1987),38 Ohio App.3d 105, and Crim.R. 32(C) could be entered. The trial court did this August 2, 2006; and we deemed the matter filed as of that date, pursuant to App.R. 4(C). However, the August 2, 2006 judgment entry of the trial court stated that Mrs. Brown had pleaded "guilty," rather than "no contest," to the remaining charge against her. Consequently, June 27, 2007, we remanded to the trial court for clarification of her plea. June 29, 2007, the trial court filed a judgment entry specifying that Mrs. Brown pleaded "no contest" to violating R.C. 4511.19(A)(3).
 {¶ 7} Mrs. Brown assigns one error: *Page 4 
 {¶ 8} "The trial court erred in overruling [d]efendant-[a]ppellant's [m]otion to [s]uppress [e]vidence."
 {¶ 9} At a hearing on a motion to suppress, the trial court functions as the trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366; State v. Smith (1991), 61 Ohio St.3d 284, 288.
 {¶ 10} On review, an appellate court must accept the trial court's findings of fact if they are supported by some competent and credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592. After accepting the factual findings as true, the reviewing court must then independently determine, as a matter of law, whether the applicable legal standard has been met. Id. See, also, State v. Swank, 11th Dist. No. 2001-L-054, 2002-Ohio-1337, at ¶ 11.
 {¶ 11} It is well-established that any violation of the traffic laws justifies the police in making a traffic stop. Cf. State v.Williams, 11th Dist. No. 2005-T-0123, 2006-Ohio-6689, at ¶ 18. In this case, Officer Bednar justified stopping Mrs. Brown, ultimately resulting in her arrest and conviction for driving under the influence, for a marked lanes violation, R.C. 4511.33(A)(1). That statute provides, in pertinent part:
 {¶ 12} "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, * * * the following rules apply:
 {¶ 13} "(1) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane * * * of traffic and shall not be moved from such lane * * * until the driver has first ascertained that such movement can be made with safety." *Page 5 
 {¶ 14} As noted above, Officer Bednar testified at the suppression hearing that Mrs. Brown's driving, during the quarter-mile he followed her down Belmont Avenue, was somewhat erratic: that her car moved from side to side of the left hand lane in which she was driving. He testified she touched the lines. However, he admitted on cross-examination she stayed entirely in one lane.
 {¶ 15} By its plain language, R.C. 4511.33(A)(1) allows a driver to move between lanes, as long as the movement can be made safely. This court has held that, "police officers may lawfully stop a motor vehicle solely on the basis that the vehicle is weaving, but only when the extent of the weaving was what can be described as substantial."Willoughby v. Mazura (Sep. 30, 1999), 11th Dist. No. 98-L-012, 1999 Ohio App. LEXIS 4642, at 8. That is, "there must be some indicia of erratic driving to warrant an investigative stop beyond some incident of modest or minimal weaving in one's lane alone." State v. Spikes (June 9, 1995), 11th Dist. No. 94-L-187, 1995 Ohio App. LEXIS 2649, at 10.
 {¶ 16} In this case, the record does not reveal any indicia of erratic driving beyond some modest weaving by Mrs. Brown in her own lane of traffic. Even ignoring the plain language of R.C. 4511.33(A)(1), which appears to require lane crossing to constitute a violation, such modest weaving is insufficient to justify an investigative stop. The motion to suppress should have been granted.
 {¶ 17} The assignment of error is with merit.
 {¶ 18} The judgment of the Girard Municipal Court is reversed, and the matter remanded for further proceedings consistent with this opinion. *Page 6 
CYNTHIA WESTCOTT RICE, P.J., concurs in judgment only.
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.