DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Andre L. Jackson, appeals the sentence imposed in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On February 2, 2005, Defendant was convicted by a jury on one count of felonious assault and sentenced on February 14, 2005, to four years in prison. Defendant's conviction was affirmed in State v.Jackson, 9th Dist. No. 22525, 2006-Ohio-523 ("Jackson I") on February 8, 2006. However, as the matter was appealed prior to State v. Foster
(2006), 109 Ohio St.3d 1, 2006-Ohio-856, this Court remanded the matter for resentencing because the trial court failed to make findings to demonstrate its consideration of the R.C. 2929.14(B) factors in its February 14, 2005 sentencing entry.
 {¶ 3} Two years later, on February 28, 2008, the re-sentencing hearing commenced, during which the parties and the Court discussed the possibility of Defendant being "placed in the Judicial Release Program known as the Reentry Court" ("Reentry Program"). The hearing *Page 2 
was continued for one day to allow Defendant to consider this option. On February 29, 2008, Defendant agreed to go into the Reentry Program after being advised that he would not have to go into a community based control facility. Defendant also filed a motion for judicial release on February 29, 2008. In entries dated March 7, 2008, the trial court imposed the original four year sentence but suspended it and ordered that Defendant be placed in the Reentry Program. Defendant timely appealed and raises four assignments of error.
 Assignment of Error No. I "Whether [Defendant's] sentence is void within the meaning of State v. Bezak (2007), 114 Ohio St.3d [sic] 94, where the notification given in reference to post-release control was/is facially insufficient. See also: State v. Sarkozy (2008) 117 Ohio St.3d 86[.]"
 {¶ 4} In his first assignment of error, Defendant argues that the trial court's sentence is void because its reference to post-release control was facially insufficient. Specifically, Defendant argues that the trial court did not deliver the "statutorily required notification at the sentencing hearing" that he was subject to post-release control.
 {¶ 5} During the February 28, 2008 hearing the trial court stated, during its explanation of the Reentry Program, that Defendant would still have post-release control following him even were he to go into the Reentry Program. During the February 29, 2008 hearing, the trial court stated:
 "Upon your release from prison you would be subject to post-release control for three years; if you violate any of the terms, the Court could reimpose — oh, I'm sorry, you could get additional time in prison, up to half of your original sentence."
 {¶ 6} Defendant argues that such notice is not sufficient underState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250 and State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509. Defendant has forfeited, however, any argument related to imposition of post-release control and the trial *Page 3 
court's colloquy related thereto. See State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 22-23. Defendant did not object to the colloquy given during the resentencing, and the term of post-release control imposed in the court's sentencing entry is identical to the term of which the trial court advised Defendant during the February 29, 2008 hearing. This case is distinguished from the facts in Sarkozy andBezak, in that the trial court in these cases failed to even mention post-release control from the bench. Here, the trial court did conduct a colloquy as set forth above and Defendant had the opportunity to object. See, also, State v. Smith, 9th Dist. No. 06CA0070-M, 2007-Ohio-2841, at ¶ 16 (holding that Defendant did not forfeit his right to challenge the imposition of post-release control where the issue was not discussed from the bench, but was contained in the sentencing entry).
 {¶ 7} Defendant's first assignment of error is overruled.
 Assignment of Error No. II "Whether in light of the holding in State v. Brown (2006), 166 Ohio App.3d 90 and State v. Huber (May 26, 2005), 8th Dist. Case No. 85082, 05-LW-2213 (8th), the trial court was divested of jurisdiction to impose any subsequent sentence after a twenty-four month delay from remand to resentencing[.]"
 Assignment of Error No. III "The unnecessary delay between remand and re-sentencing divested the trial court of jurisdiction to sentence [Defendant] pursuant to Crim. R. 32(A)[.]"
 Assignment of Error IV "[Defendant's] re-sentencing is a violation of [Defendant's] Sixth Amendment of the U.S. Constitution, right to a speedy trial[.]"
 {¶ 8} In his second and third assignments of error, Defendant argues that Crim. R. 32(A) and the holdings in Brown and Huber, supra, divested the trial court of jurisdiction to impose sentence after a two-year delay between remand and resentencing. In his fourth assignment of *Page 4 
error, Defendant argues that his right to a speedy trial was violated by the delay in resentencing. Accordingly, Defendant argues, the trial court erred when it imposed sentence.
 {¶ 9} We initially hold that the jurisdiction at issue here is not subject matter jurisdiction. The challenge here is merely an attack on the authority of the judge to act within its subject matter jurisdiction and thus, the challenge can be forfeited. In State v. Swiger (1998),125 Ohio App.3d 456, abrogated on other grounds, 100 Ohio St.3d 176,2003-Ohio-5607, we discussed subject matter jurisdiction and stated:
 "Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on particular facts of a case or the particular tribunal that hears the case. * * * In the criminal context, the proper inquiry * * * centers on what is the proper forum to hear the type of case in question, i.e., municipal or common pleas, court of general jurisdiction or juvenile court." Id. at 462.
 {¶ 10} In Swiger, the defendant challenged the trial court's jurisdiction to try, convict and sentence him where the trial court failed to comply with a statutory requirement that a three-judge panel preside over a capital case. In resolving the case, we discussed three types of jurisdiction: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of a particular case. Id. at 462. We then determined that the statutory requirement at issue was a "procedural protection that, even if arguably `jurisdictional,' falls within [the] third category of jurisdiction." Id. at 463. In so holding, we relied upon the Supreme Court of Ohio's recognition of this third category of jurisdiction in State ex rel. Larkins v. Baker (1995),73 Ohio St.3d 658, 660 in which the court held "that the invalidity of a jury trial waiver was `not a jurisdictional defect'" and overruledState v. Tate (1979), 59 Ohio St.2d 50, which held otherwise.Swiger at 464. We ultimately held in Swiger that, "if the trial court acted beyond its statutory authority by trying defendant before a single judge rather than a three-judge panel, any error did not deprive the trial court of subj ect matter jurisdiction." Id. at 465. *Page 5 
 {¶ 11} Jurisdiction of criminal cases is vested in the court of common pleas pursuant to R.C. 2931.03. Moreover, our remand in Jackson I vested the trial court with jurisdiction to resentence Defendant. See State v.Roper, 9th Dist. No. 22988, 2006-Ohio-3661, at ¶ 10, citingInternatl. Union of Operating Engineers, Local 18 v. WannemacherCo. (1990), 67 Ohio App.3d 672, 675. Thus, as in Swiger and the jury trial waiver cases cited above, the error at issue here (an alleged violation of Crim. R. 32(A)) is not one that challenges subject matter jurisdiction, but rather challenges the authority of the trial court to act within its subject matter jurisdiction as required by a particular statute.
 {¶ 12} Defendant raised the issue of jurisdiction at the February 28, 2008 hearing and filed several motions with the trial court asking to be resentenced. Moreover, the State acknowledged at oral argument that there was no explanation in the record for the two-year delay. Because, however, we have determined that the trial court's subject matter jurisdiction is not at issue, a challenge to the validity of Defendant's sentence is capable of being forfeited. Accordingly, despite the complete lack of explanation in the record for the lengthy delay between our remand and Defendant being resentenced and Defendant's efforts to have his sentence imposed, we hold that Defendant forfeited his right to challenge his resentencing by appearing at the February 29, 2008 hearing, agreeing to enter the Reentry Program, which caused him to be immediately released from jail, and accepting his sentence without objection and without again raising any challenge to the trial court's authority to sentence him. See Payne at ¶ 22-23. Neither did Defendant raise the issue of his right to speedy trial. During the February 29, 2008 hearing, the following colloquy took place:
 "THE COURT: But you could be placed in the Reentry Progam.
 "Is that something you want me to pursue at this time? *Page 6 
 "[DEFENSE COUNSEL]: Absolutely yes.
 "THE DEFENDANT: Yes."
The court then imposed sentence and asked:
 "THE COURT: Anything else from anybody?
 "[DEFENSE COUNSEL]: Nothing, Your Honor."
 {¶ 13} We also note that the Defendant submitted to the authority of the trial court when he filed a motion for judicial release on February 29, 2008, arguing that he was entitled to release because he had "served his time in an exemplary manner." The motion did not argue that the trial court was without jurisdiction to sentence him.
 {¶ 14} We acknowledge, however, that "even in the event of a forfeited objection, `[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court[.]' The party claiming error has the burden of arguing plain error on appeal." (Internal citations omitted.) State v. McCarley, 9th Dist. No. 23607, 2008-Ohio-552, quoting Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121, quoting Crim. R. 52(B). Here, Defendant has not demonstrated why we should delve into this issue for the first time on appeal. We therefore decline to address it. See State v. Meyers, 9th Dist. Nos. 23864, 23903, 2008-Ohio-2528, at ¶ 42, citing In reL.A.B., 9th Dist. No. 23309, 2007-Ohio-1479, at ¶ 19.
 {¶ 15} Defendant's second, third and fourth assignments of error are overruled.
 {¶ 16} Each of Defendant's assignments of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, J. CONCURS
 CARR, P. J. CONCURS IN JUDGMENT ONLY *Page 1