## International Union of Operating Engineers, Local 18
### v.
## The Dan Wannemacher Masonry Co.
*[Cite as 3 AOA 81]*

*Case No. 5-88-30*
*Hancock County, (3rd)*
*Decided May 17, 1990*

*Messrs. Wuliger, Fadel & Beyer, Mr. William Fadel, Ms. Kathleen M. Dugan, Attorneys at Law, 1340 Sumner Court, The Brownell Building, Cleveland, Ohio 44115, for Appellants.*

*William B. Balyeat Co., L.P.A., Mr. William B. Balyeat, Attorney at Law, 105 North High Street, Columbus Grove, Ohio 45830, for Appellee.*

EVANS, J.

This is an appeal from a judgment of the Court of Common Pleas of Hancock County awarding attorney fees to the Defendant-Appellee in an action initiated pursuant to Chapter 4115 of the Ohio Revised Code (Wages and Hours on Public Works).

Plaintiffs-Appellants are various labor organizations representing members involved in construction. Defendant-Appelleee is Dan Wannemacher, an unincorporated sole proprietorship, doing business as Dan Wannemacher Masonry Co.

Originally appellants filed a complaint against Appellee for violations of the provisions of Chapter 4115 O.R.C. In the prayer of the complaint Appellants asked for attorney fees and court costs as provided in R.C. 4115.16(D). The Appellee filed an answer denying any violations but no request for an award of attorney fees was included in his answer. In due course the case came on for trial. At the conclusion of the evidence for the Appellants the trial court, on motion by the Appellee, dismissed the complaint with prejudice having found that Appellants had failed to prove their claims by a preponderance of the evidence.

On appeal, this court affirmed the decision of the trial court. A further appeal to the Supreme Court resulted in an affirmance by a court divided four to three. In the judgment entry of the Supreme Court the following language appears:

"It is further ordered that the appellee recover from the appellants its costs herein expended; and that a mandate be sent to the Court of Common Pleas for Hancock County to carry this judgment into execution; and that a copy of this entry be certified to the Clerk of the Court of Appeals for Hancock County for entry,"

The mandate was received by the court of common pleas on April 28, 1988. Thereafter on May 16, 1988 Appellee filed a motion for the allowance of attorney fees as provided in R.C. 4115.16(D). On June 20, 1988, Appellants filed a brief in opposition to the motion. Before any decision was journalized on the allowance of attorney fees an affidavit of prejudice was filed by appellants against the sitting judge. In response to this affidavit the Supreme Court directed a letter dated August 12, 1988 to the Clerk of Courts for Hancock County advising the sitting judge to take no further action in the case "until the Chief Justice has passed upon the issue of disqualification." On August 18, 1988 the Chief justice signed a letter in which he agreed to

the request by the sitting judge that he be permitted to step aside. On that same date a second letter issued from the Supreme Court assigning a judge from an adjoining county to hear the case. The affidavit of disqualification was never ruled upon by the Chief Justice.

On August 22, 1988 the sitting judge filed a judgment entry awarding attorney fees to the Appellee and fixing a date for a hearing to determine a reasonable amount. Thereafter on September 22, 1988 the assigned judge filed an entry the amount of attorney fees.

On October 14, 1989 appellant filed a notice of appeal. Three errors are assigned in Appellants' brief, the first of which is as follows:

"I. *THE TRIAL COURT ERRED IN ACCEPTING JURISDICTION OVER DEFENDANT-APPELLEE'S MOTION FOR ALLOWANCE OF ATTORNEY FEES.*"

The Appellant's argument in support of this assignment of error is primarily that the trial court violated the mandate issued by the Supreme Court after the case was decided in that court. The mandate issued by the Supreme Court provided in pertinent part:

"[T]o the honorable Court of Common Pleas, within and for the County of Hancock, Ohio.

"The Supreme Court of Ohio commands you to proceed without delay to carry the following judgment in this case into execution:

"Judgment of the Court of Appeals is affirmed consistent with the opinion rendered herein.

"Costs:

"Motion Fee, $20.00, paid by Wuliger, Fadel & Beyer.

THOMAS J. MOYER
Chief Justice"

Black's Law Dictionary (5th Ed. 1979) 867, defines the word "Mandate" as the official mode of communicating the judgment of an appellate court to the lower court, directing action to be taken or the disposition to be made of the cause by the trial court. Mandate is further described in Corpus Juris Secundum.

"The mandate of the appellate court is the order directing the action to be taken or disposition to be made of the cause by the lower court, returning the proceedings to the lower court, and reinvesting it with jurisdiction thereof." 5B Corpus Juris Secundum (1958) 529, Appeal & Error, Section 1958.

The record establishes that the Appellee did not ask for attorney fees when he filed his answer to the complaint. Furthermore there was no motion for the allowance of attorney fees until after the appellate process had been completed and the cause returned to the trial court for execution.

Appellants argue that since the mandate from the Supreme Court was silent on the subject of attorney fees the trial court was without jurisdiction to entertain the motion of Appellee. Appellants contend that the trial court is strictly prohibited from altering, adding to or disobeying the mandate. We agree that the trial court may not alter or disobey the mandate from an appellate court. We do not agree that the trial court may not take additional action in the case not specifically authorized by the mandate. The principle is stated in 5B Corpus Juris Secundum (1958), Appeal and Error, Section 1965:

"The jurisdiction of the lower court reattaches on remand and it may take such action as law and justice may require under the circumstances as long as it is not inconsistent with the mandate and judgment of the appellate court."

Appellants rely on *Hawley* v. *Ritley* (1988), 35 Ohio St. 3d 157, as authority for the rule that the doctrine of the law of the case functions to compel trial courts to follow the mandates of reviewing courts. We fail to see how the doctrine of the law of the case can apply under the facts of this case. Attorney fees for the Appellee were not pled, argued or decided at any stage of the proceedings. Thus there can be no prior adjudication on the award of attorney fees in the appellate court which becomes the law of the case and thereby binds the trial court.

While the trial court had jurisdiction to consider an award of attorney fees after the remand and even though there was no law of the case to foreclose the question, we conclude that the appellee waited too long and that he was precluded from asking the trial court for an award of attorney fees at that point in the case by the application of the doctrine of *res judicata.* R.C. 4115.16(D) specifically provides for the award of attorney fees where the court finds that the action charging a violation of the wage and hour statutes was frivolous, unreasonable or without foundation.

Appellee argues that he could not request attorney fees in this case until the appeals were finally over. We do not agree. The trial court could have decided the issue of attorney fees at the conclusion of the trial court proceedings. Whether or not the action charging the violation was frivolous, unreasonable or without foundation are determinations which the trial court

must make based on the facts of each case. Those facts should have been presented to the trial court at the conclusion of the trial court proceedings.

The Supreme Court of Ohio in *Johnson's Island* v. *Bd. of Twp. Trustees* (1982), 69 Ohio St. 2d 241, citing *Anderson* v. *Richards* (1962), 173 Ohio St. 50, 53 stated the rule as follows:

"The reasoning in such cases is that a party should have his day in court, and that that day should conclude the matter. A party is bound then to present his entire cause and he is foreclosed from later attempting to reopen the cause as to issues which were or could have been presented. * * * "

Without doubt this issue could have been presented during the initial proceedings in the trial court. *Res judicata* prevents its consideration now. We find appellants' first assignment of error well taken and we sustain it.

II. THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING PRIOR TO AWARDING DEFENDANT-APPELLEE ATTORNEY FEES FOR TIME SPENT IN THE TRIAL, APPEAL AND SUPREME COURTS OF OHIO, WHICH HEARING WOULD HAVE SHOWN THAT PLAINTIFFS-APPELLANTS' COMPLAINT WAS NOT WITHOUT FOUNDATION, FRIVOLOUS OR UNREASONABLE.

We sustain appellants' second assignment of error. It is a fundamental requirement of due process that the parties have an opportunity to be heard before the case is decided. In this case the question of an award of attorney fees was separate and apart from the question of a violation of the wage and hour statutes. No doubt the parties would present different evidence to the court on the issue of an award of attorney fees than would be presented to establish a violation of the statutes.

We conclude that it was error to award attorney fees to one party without giving both parties an opportunity to be heard on the matter.

III. *THE TRIAL COURT ERRED IN ACCEPTING A JOURNAL ENTRY SIGNED BY A JUDGE WHO, AT THE TIME HE SIGNED THE ENTRY, AND BEEN REMOVED FROM THE CASE BY ORDER OF THE OHIO SUPREME COURT.*

We overrule this assignment of error for the reason that the trial judge who signed the entry in question was never removed from the case by order of the Supreme Court.

An affidavit of disqualification was filed against the assigned trial judge. The usual letter from the Supreme Court advising the trial court not to proceed in the case until the matter was resolved was sent to the trial judge. At that point the trial court voluntarily agreed to step aside. The Supreme Court agreed to assign another judge to the case. The matter was resolved and no further action on the affidavit was required. Thus the trial judge was not removed. We further note that the record does not disclose when the trial judge *signed* the entry in question. The record establishes when the entry was *filed*. We cannot sustain this assignment of error as it is presented.

Having found error prejudicial to the appellant as assigned and argued, the judgment of the trial court is reversed.

*Judgment reversed.*

SHAW, P.J., and BRYANT, J., concur.