OPINION
{¶ 1} Defendant-appellant, Terry L. Rand, appeals from a judgment of the Franklin County Court of Common Pleas which amended defendant's sentence to reflect that his prison term in case No. 96CR-11-6383 is mandatory. For the reasons that follow, we reverse the judgment of the trial court and remand this matter to that court.
 {¶ 2} On November 22, 1996, in case No. 96CR-11-6383, defendant was indicted on one count of aggravated robbery, a violation of R.C. 2911.01, with a specification, and one count of robbery, a violation of R.C. 2911.02. On May 14, 1997, apparently pursuant to a negotiated plea agreement that involved three cases,[1] defendant pled guilty as to the robbery count in case No. 96CR-11-6383. The parties jointly recommended a combined sentence of 15 years in prison for case Nos. 96CR-11-6383 and 96CR-11-6410. On May 22, 1997, the trial court, in case No. 96CR-11-6383, found "that a prison term is not mandatory pursuant to R.C. 2929.13(F)," and sentenced defendant to four years in prison for count two, to be served consecutively with the sentence imposed in case No. 96CR-11-6410. In case No. 96CR-11-6383, a nolle prosequi was entered for the aggravated robbery count.
 {¶ 3} On August 22, 2002, over five years after the trial court originally entered judgment sentencing defendant, the trial court, without holding a hearing, entered an amended judgment entry in case No. 96CR-11-6383, which provided as follows:
Please be advised that the previously filed judgment entry of May 22, 1997 regarding the above captioned case had incorrectly indicated that the defendant's sentence was not mandatory.
The correct sentence is mandatory.
(Emphasis sic.)
 {¶ 4} Defendant appealed to this court from that judgment entry and raised two assignments of error. Defendant argued that the trial court was without jurisdiction to enter the amended judgment entry of sentence. With respect to this argument, this court, in State v. Rand (Apr. 24, 2003), Franklin App. No. 02AP-1044 (Memorandum Decision) ("Rand I"), held that the trial court had jurisdiction to enter the amended judgment. Defendant also argued that the trial court committed error by entering the amended judgment without holding a sentencing hearing in which defendant was present. Regarding this issue, this court held that the trial court erred when it corrected the sentence without conducting a resentencing hearing. Id. This court stated:
* * * In this case, appellant's felony sentencing worksheet demonstrates that appellant had a history of criminal convictions and his pre-trial investigation report indicates that he was convicted of robbery, a violation of R.C. 2911.02, in Montgomery County. Thus, a prison sentence may be mandatory if the pre-trial report is correct, and the sentence that the trial court initially entered may be void.
Id. This court accordingly reversed the judgment and remanded the case to the court of common pleas to conduct a resentencing hearing.
 {¶ 5} On June 18, 2003, the trial court conducted a resentencing hearing. At the resentencing hearing, the following colloquy occurred between defendant's counsel and the trial court:
MR. WILFORD: * * * After reviewing the record, it is my — and it is my understanding that the imposition of a mandatory sentence means the Defendant is not eligible for judicial release or any other kind of probation. And upon reviewing the transcript of the plea hearing, there was never an admonition to him as, I think as required by Criminal Rule 11 that he be advised of that before entering the plea, and, therefore, since we are approaching resentencing in this case, I am going to move that the Court allow him to withdraw his guilty plea and reschedule this matter for trial.
THE COURT: On what basis at this point?
MR. WILFORD: On the basis that Criminal Rule 33.1 [sic] allows for a Defendant to motion before sentencing to withdraw a guilty plea, because Criminal Rule 11 specifically requires the Defendant be advised he is not eligible for probation.
THE COURT: What part of Criminal Rule 11 says he is specifically not authorized for judicial release and the matters that you have said that are the ramifications of having a mandatory sentence?
MR. WILFORD: My recollection is Criminal Rule 11 says the Defendant has to be advised that he is not eligible for probation. Maybe it now reads community sanctions, but I think that is long-standing Ohio law.
THE COURT: I will just give this to you. Tell me what you are referring to.
MR. WILFORD: Excuse me. If it please the Court, Rule 11(C) Subsection (2)(a) reads — well, Section (2) reads in felony cases the Court may refuse to accept a plea and shall not accept a plea of guilty without first addressing the Defendant personally and doing all of the following: Subsection (a), determining that the Defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the Defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
THE COURT: I am talking about judicial release.
MR. WILFORD: Well, I think he is not only — would not be eligible for judicial release, he would also not be eligible for community control sanctions.
THE COURT: Well, all I am saying is that — you are saying that you would like him to be able to withdraw his plea because he should have been advised that a mandatory sentence precludes him from having judicial release. I believe you said Criminal Rule 11 provides that I should have advised him of that, and I am just —
MR. WILFORD: If it please the Court, what I am saying is he had the right to be advised that his sentence was mandatory, which he was not, and we are here supposedly to impose a mandatory sentence. At this point I am saying, whoa, I think we ought to withdraw the plea and go back to square one in this case.
THE COURT: Well, at this point in time your request is denied.
(June 18, 2003, Tr. 2-5.) Thus, the trial court denied defendant's oral motion to withdraw his guilty plea. At the June 18, 2003 hearing, the parties stipulated that defendant previously had been convicted of a second-degree felony.
 {¶ 6} On July 14, 2003, the trial court entered an amended judgment entry, which stated:
The Court has determined Defendant was lawfully convicted in Montgomery County, Ohio of the offense of Robbery in violation of R.C. Section 2911.02 a felony of the second degree (F-2). After affording the Defendant a hearing pursuant to Crim. R. 32 and Crim. R. 43, the Court hereby amends Defendant's sentence pursuant to R.C. Section 2929.13(F) to reflect that a prison term is mandatory.
(Emphasis sic.)
 {¶ 7} Defendant appeals from this judgment and assigns the following error:
The trial court committed error to the prejudice of appellant in denying a motion to withdraw his guilty plea pursuant to ohio crim. Rule 32.1 prior to the imposition of a mandatory prison term.
 {¶ 8} The initial issue in this case is whether the motion to withdraw the guilty plea was pre-sentence or post-sentence for purposes of analysis under Crim.R. 32.1. Crim.R. 32.1 provides as follows:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 9} In this case, the sentence that the trial court initially entered was not valid because, contrary to the trial court's determination, a prison sentence was mandatory pursuant to R.C. 2929.13(F) given that defendant was previously convicted of a second-degree felony. The trial court's first attempt to amend the sentence on August 22, 2002, was reversed by this court. After holding a hearing with defendant present, the trial court entered a judgment entry amending defendant's sentence "to reflect that a prison term is mandatory." (Emphasis sic.) Under the circumstances of this case, we conclude that defendant's motion to withdraw his guilty plea was pre-sentence — that is, the motion was made before the sentence was imposed for purposes of Crim.R. 32.1. See State v. Douse, Cuyahoga App. No. 82008,2003-Ohio-5238.
 {¶ 10} The next issue is whether it was an abuse of discretion for the trial court to deny defendant's pre-sentence oral motion to withdraw the guilty plea.
 {¶ 11} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992),62 Ohio St.3d 521, 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. * * * The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id., at paragraphs one and two of the syllabus. Therefore, "[a]bsent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." Id. at 527. An abuse of discretion "`connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 12} The standard for determining whether a trial court abused its discretion in denying a pre-sentence motion to withdraw a guilty plea has been enunciated as follows:
* * * Pursuant to [State v.] Peterseim [(1980),68 Ohio App.2d 211], "the trial court does not abuse its discretion in denying the motion where: (1) the trial court, following the mandates of Crim.R. 11, ensured the defendant understood his rights and voluntarily waived those rights by entering the guilty plea; (2) the defendant was represented by highly competent counsel; (3) the defendant was given adequate opportunity to be heard, by way of a hearing wherein he could assert all arguments in support of his motion to withdraw the plea; and (4) the trial court gave careful consideration to the merits of the defendant's motion to withdraw the plea."
State v. Patt, Lake App. No. 2002-L-073, 2004-Ohio-2601, at ¶ 10, quoting State v. Gomez (Dec. 5, 1997), Lake App. No. 97-L-021. See, also, State v. Priest (Apr. 9, 2002), Greene App. No. 2001 CA 108, quoting State v. Peterseim (1980),68 Ohio App.2d 211, paragraph three of the syllabus.
 {¶ 13} Here, the issue is whether defendant was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea. Crim.R. 11(C)(2) provides, in pertinent part, as follows:
In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 14} A trial court must strictly comply with the provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart (1977), 51 Ohio St.2d 86,88-89; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert (1991),71 Ohio App.3d 734; see, also, Boykin v. Alabama (1969), 395 U.S. 238,89 S.Ct. 1709. Regarding the nonconstitutional requirements of Crim.R. 11, only substantial compliance is required. Stewart,
at 93; State v. Nero (1990), 56 Ohio St.3d 106, 108; Colbert,
at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero,
at 108. Further, defendant must show the failure to comply had a prejudicial effect. Id. "The test is whether the plea would have otherwise been made." Id.
 {¶ 15} By finding that the sentence is mandatory, in the amended judgment entry, the trial court effectively changed the terms of defendant's sentence. Namely, as this court stated inRand I, "the amended judgment entry [of August 22, 2002] does impact appellant's sentence in that the imposition of a mandatory prison term results in a denial of days of credit, pursuant to R.C. 2967.193, and judicial release, pursuant to R.C. 2929.20(A), and impacts R.C. Chapter 2967, relating to executive clemency remedies of pardon and commutation of sentence."
 {¶ 16} Whether defendant became ineligible for judicial release, in relation to the offense in this case, through the imposition of a mandatory prison term, or, as the state asserts, through the combined prison sentence imposed, is immaterial — the trial court failed to comply with Crim.R. 11(C)(2)(a).
 {¶ 17} This case is similar to State v. Cook, Putnam App. No. 12-01-15, 2002-Ohio-2846, because the trial court erroneously determined in its judgment entry that a prison term was not mandatory. See id. at ¶ 12 ("Additionally, the trial court noted in its judgment entry that [the defendant's] prison terms were not mandatory. However, [the defendant] was sentenced under R.C.2929.13(F)(5) which requires that [the defendant] be sentenced to a mandatory prison term without possibility of judicial release."). Also, as in Cook, the trial court in this case did not "address whether or not [the defendant] would be eligible for judicial release." Id. at ¶ 3. The Cook court determined that it was error for the trial court to deny the defendant's motion to withdraw the plea. The court stated:
* * * In sum, when reviewing the record, it appears that there was a specific misunderstanding and mistake of law by court and counsel as to whether [defendant] was eligible for judicial release. We believe a fundamental error of this nature, which is corroborated by the record, is sufficient to void the plea and is therefore sufficient to constitute a manifest injustice under Crim.R. 32.1. * * *
Id. at ¶ 12.
 {¶ 18} We acknowledge that in Cook the defendant's attorney "represented on the record that [the defendant] was eligible for judicial release in six months." Id. at ¶ 12. However, in this case, we do not find the lack of such an assertion to be dispositive on the issue of whether it was error for the trial court to deny the motion to withdraw the plea, in view of the guilty plea form, which was signed by both parties. Moreover, we also note that, unlike the case at bar, the Cook case involved a post-sentence motion to withdraw a guilty plea.
 {¶ 19} Although defendant did not ask about the ramifications of a mandatory prison term at the initial sentencing hearing, the record indicates that defendant, regarding case No. 96CR-11-6383, understood that a mandatory prison term was not required for the robbery offense. Significantly, no offense is cited on the entry of guilty plea, which was signed by both parties and dated May 14, 1997, regarding a mandatory sentence and ineligibility for community control sanctions, judicial release, or earned days of credit in relation to a mandatory sentence. Specifically, the entry of guilty plea states, "I understand that R.C. 2929.13(F) requires mandatory prison term(s) for the following offenses and that I will not be eligible for community control sanctions, judicial release or earned days of credit in relation to this/these term(s)," and provides blank lines to fill in the applicable offense(s). However, on this entry of guilty plea, no offense is listed in this regard.
 {¶ 20} In addition to the omission described above, the entry of guilty plea states "I understand that R.C. 2929.13(D) establishes a presumption in favor of a prison term for the following offense(s)" and lists "Count 2 Robbery, RC 2911.02" as being applicable. The reasonable inference from that assertion, coupled with the omission described above, is that both parties, including defendant, understood that a prison term was not mandatory for the robbery count in this case. Given that defendant previously had been convicted of a second-degree felony, defendant's understanding regarding this issue was incorrect. Also, the trial court did not inform defendant at the hearing that a prison term was mandatory for the offense in this case, nor did the court inform defendant of the ramifications of a mandatory prison term.
 {¶ 21} Therefore, the record indicates that, at the time he pled guilty, defendant was unaware that his prison term for the offense was mandatory, and that he would be ineligible for community control sanctions, judicial release or earned days of credit in relation to the mandatory prison term. In fact, the entry of guilty plea indicates that defendant understood that a prison sentence was not mandatory. More specifically, the entry of guilty plea indicates that defendant was led to believe that there was a presumption in favor of a prison sentence for the offense in this case, not that a prison sentence was mandatory. The trial court did not inform defendant to the contrary at the hearing and entered judgment finding that a prison sentence was not mandatory for the offense in this case.
 {¶ 22} In view of the entry of guilty plea that indicates defendant's understanding that a prison sentence was not mandatory, as well as the trial court's failure to inform defendant at the hearing that a prison term was mandatory, we conclude that the trial court did not substantially comply with Crim.R. 11(C)(2)(a). Therefore, we also conclude that defendant was not afforded a full hearing pursuant to Crim.R. 11, before he entered his guilty plea.
 {¶ 23} In this case, the trial court committed prejudicial error when it accepted defendant's guilty plea because defendant was misinformed that his sentence was not mandatory. SeeColbert, supra, at 738 (finding "prejudicial error requiring the vacation of the defendant's plea" when the defendant "was not only unaware of his ineligibility, but appears to have been led to believe that shock probation would be granted"). Id. Consequently, we conclude that, under the circumstances of this case, the trial court abused its discretion when it denied defendant's motion to withdraw his guilty plea.
 {¶ 24} For the foregoing reasons, defendant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to permit defendant to withdraw his guilty plea.
Judgment reversed and cause remanded with instructions.
Lazarus, P.J., and Klatt, J., concur.
[1] See statements of prosecutor at May 14, 1997 hearing. Case Nos. 96CR-11-6410 and 97CR-01-208, which were referred to in the proceedings below, are not before this court in this appeal.