OPINION
{¶ 1} Defendant-appellant, Jacob E. Harper ("appellant") pled guilty, in the Franklin County Court of Common Pleas, to one count of aggravated vehicular homicide, in violation of R.C.2903.06(A)(1)(a), a felony of the second degree, and also pled guilty to a five-year specification that the victim was a peace officer, pursuant to R.C. 2941.1414. Following his guilty plea, the trial court sentenced appellant to the maximum term of eight years plus the mandatory five years for the specification.
 {¶ 2} On appeal, appellant advances two assignments of error for our review, as follows:
1. The trial court erred to the substantial prejudice of the defendant by imposing the maximum penalty of eight (8) years of imprisonment.
2. The trial court erred to the substantial prejudice of the defendant by imposing the maximum sentence based upon facts to which the defendant did not stipulate. This violated the defendant's rights under the Sixth Amendment to the United States Constitution as well as Section 10, Article I of the Ohio Constitution.
 {¶ 3} We begin by addressing appellant's second assignment of error because it is dispositive of this appeal. Therein, appellant argues that the trial court imposed the maximum sentence in violation of the jury trial principles afforded by the Sixth Amendment to the United States Constitution, and in contravention of the holding of the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2539,159 L.Ed.2d 403. We agree, and sustain appellant's second assignment of error on the authority of State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, which requires that we remand this case for resentencing. See Foster at ¶ 104.
 {¶ 4} Our disposition of appellant's second assignment of error renders his first assignment of error moot.
 {¶ 5} Appellant's first assignment of error is overruled as moot and his second assignment of error is sustained, appellant's sentence is vacated, and this cause is remanded to the Franklin County Court of Common Pleas for resentencing pursuant toFoster.
 Judgment reversed; and cause remanded for resentencing.
Klatt, P.J., and Bryant, J.