DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Derrick E. Roper has appealed from the decision of the Summit County Court of Common Pleas that denied his motion to withdraw his guilty pleas and sentenced him to 14 years incarceration. We affirm in part and reverse in part.
 I {¶ 2} On February 11, 2003, Defendant-Appellant Derrick E. Roper was indicted on several drug offenses, including two major drug offender specifications, and a having a weapon under disability charge. On February 12, 2003, Appellant entered not guilty pleas to all charges in the indictment.
 {¶ 3} On May 12, 2003, Appellant withdrew his previously entered not guilty pleas and pled guilty to two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), both felonies of the first degree; one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the first degree with a major drug offender specification pursuant to R.C. 2941.1410; and one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(3), a felony of the fifth degree. Under the plea agreement, the remaining charges and specification were dismissed. The trial court accepted Appellant's guilty pleas and sentenced him to a total of 14 years incarceration.
 {¶ 4} On May 11, 2004, Appellant filed a delayed appeal in this Court. Appellant argued to this Court that the trial court erred in sentencing him. We agreed and reversed his sentences and remanded the matter for resentencing.
 {¶ 5} On July 19, 2005, Appellant filed a motion for resentencing, which included a motion to withdraw his previously entered guilty pleas and/or vacate said pleas. On September 15, 2005, the trial court allowed Appellant to withdraw his previously entered guilty pleas and reinstated his original not guilty pleas. On September 20, 2005, the State filed a motion entitled "Motion to Reconsider" and asked the trial court to reconsider its September 15, 2005 decision regarding Appellant's motion to withdraw his guilty pleas and to deny Appellant's motion to withdraw his guilty pleas. On September 22, 2005, the parties presented arguments on the State's motion to reconsider and Appellant's motion to withdraw his pleas/vacate his pleas. On September 27, 2005, the trial court's order granting Appellant's motion to withdraw his pleas and enter not guilty pleas was journalized.
 {¶ 6} On October 13, 2005, a hearing was held on the State's motion to reconsider and Appellant's motion to withdraw his guilty pleas. At the end of the hearing, the trial court denied Appellant's motion to withdraw his guilty pleas and set a date for resentencing.
 {¶ 7} Appellant was resentenced on October 20, 2005 and he again received a total of 14 years incarceration. Appellant has timely appealed, asserting three assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN CONSIDERING AND GRANTING THE APPELLEE'S MOTION TO RECONSIDER."
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN ULTIMATELY DENYING THE APPELLANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA BECAUSE HE DID NOT KNOWINGLY AND INTELLIGENTLY ENTER INTO A PLEA OF GUILT."
 {¶ 8} In his first assignment of error, Appellant has argued that the trial court erred in granting the State's motion to reconsider because the Criminal Rules of Procedure do not allow for a motion to reconsider. In his second assignment of error, Appellant has argued that the trial court erred in denying his motion to withdraw his guilty plea because his plea was not made knowingly and intelligently.
 {¶ 9} As previously noted, this is the second appeal regarding the instant matter. Appellant's first appeal was based on his sentence. In our January 5, 2005 Decision and Journal Entry, we "reverse[d] and remand[ed] for re-sentencing." Statev. Roper, 9th Dist. No. 22102, 2005-Ohio-13, at ¶ 1. In his appeal, Appellant argued that the trial court failed to make the appropriate findings at his sentencing hearing to warrant imposing the maximum sentences for his convictions and we agreed. We ordered the cause "remanded to the Summit County Court of Common Pleas for re-sentencing in accordance" with our opinion. Id. at ¶ 13.
 {¶ 10} On remand, a trial court must obey the mandate of the court of appeals. See State ex rel Davis v. Cleary (1991),77 Ohio App.3d 494. The remand order gives the trial court jurisdiction to carry out the directive of the court of appeals. See International Union of Operating Engineers, Local 18 v.Wannemacher Co. (1990), 67 Ohio App.3d 672, 675. The trial court is without authority to extend or vary the mandate given by the appellate court. See Nolan v. Nolan (1984), 11 Ohio St.3d 1. Therefore, action by the trial court inconsistent with the mandate of the appellate court exceeds the trial court's authority and constitutes error.
 {¶ 11} We find that the trial court failed to obey the mandate of this Court when it ruled on Appellant's motions to withdraw his pleas/vacate his pleas and the State's motion to reconsider. It is clear from the record that when we remanded the case to the trial court in January 2005 it was for the sole purpose of resentencing. Accordingly, the trial court lacked the authority to consider the motions filed by the State and Appellant. The trial court's actions exceeded our mandate and its jurisdiction. See Nolan and Wannemacher, supra. Therefore, we find that the trial court erred in ruling on the motions regarding the withdrawal of Appellant's pleas. But, we also find said error harmless. Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights[.]" Crim.R. 52(A). If an error is deemed harmless beyond a reasonable doubt, it is disregarded and the matter need not be reversed. Crim.R. 52(A); State v. Tate, 9th Dist. No. 21943,2005-Ohio-2156, at ¶ 22.
 {¶ 12} We find the trial court's error harmless because it did not affect a substantial right. Appellant did not have the right to have his motion to withdraw considered and the State did not have the right to have its motion to reconsider reviewed. As previously discussed, the trial court only had the authority to resentence Appellant and that is what it eventually did. The trial court's actions before sentencing Appellant were harmless error because they did not affect the only right he had under our mandate, which was to be resentenced. Based on the foregoing, Appellant's first and second assignments of error lack merit.
 Assignment of Error Number Three
"THE TRIAL COURT ERRED IN ACCEPTING THE APPELLANT'S PLEA AND ULTIMATELY IN SENTENCING THE APPELLANT BECAUSE IT FAILED TO INFORM HIM THAT HE WOULD BE SUBJECT TO POST RELEASE CONTROL; THEREFORE, THE APPELLANT DID NOT KNOWINGLY AND INTELLIGENTLY ENTER A PLEA OF GUILT."
 {¶ 13} In his third assignment of error, Appellant has argued that the trial court erred in accepting his guilty plea and sentencing him.[1] Specifically, Appellant has argued that the trial court erred because it did not notify him that he would be subject to postrelease control. The State has conceded that the trial court erred in failing to notify Appellant of postrelease control during the sentencing hearing. We agree.
 {¶ 14} "[W]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." (Footnote omitted). State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 17. If a trial court sentences a felony defendant to prison and fails to properly notify him about postrelease control, the sentence is contrary to law and the matter must be remanded for resentencing. Id. at ¶ 23.
 {¶ 15} It is undisputed that the trial court failed to comply with Jordan and properly notify Appellant about postrelease control at his sentencing hearing. Accordingly, Appellant's sentence is contrary to law and this Court must vacate his sentence and remand for resentencing. Appellant's third assignment of error has merit.
 III {¶ 16} Appellant's first and second assignments of error are overruled. Appellant's third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed and vacated in part and remanded for resentencing.[2]
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Slaby, P.J., Boyle, J., concur.
[1] Appellant's third assignment of error states that the trial court accepted Appellant's guilty pleas. We disagree, the record does not show that the trial court "accepted" Appellant's guilty pleas; rather, it merely resentenced him. Accordingly, we review the trial court's sentence.
[2] Appellant's convictions stand and the matter is remanded for the sole purpose of resentencing.