OPINION
{¶ 1} Defendant-Appellant Gordon Sage pled guilty as charged to two counts of aggravated murder; one count of aggravated burglary with a deadly weapon; one count of aggravated robbery with a deadly weapon; and one count of having a weapon while under disability. In exchange the State dismissed four firearm specifications. The charges arose from Sage's involvement in breaking into the home of Vernon Brown where Sage and three other men threatened and tortured Mr. Brown trying to make him open his safe. The men took items from Mr. Brown and then killed him. The trial court sentenced Sage to an aggregate term of life plus five years, which was ordered to be served concurrently to a prison term imposed in a previous criminal case. Sage filed a timely notice of appeal.
 {¶ 2} Sage's first assignment of error:
 {¶ 3} "Whether the court erred in not allowing Defendant new appointed counsel pursuant to a serious breakdown in communication and thereby violated Defendant's constitutional right to due process under theFifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio State Constitution."
 {¶ 4} In his first assignment of error, Sage argues that the trial court abused its discretion by denying his request for a continuance in order to obtain new counsel. However, because Sage pled guilty to the offenses, he has waived his right to appeal this ruling.
 {¶ 5} `"[A] guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.'" State v. Fitzpatrick,102 Ohio St.3d 321, 2004-Ohio-3167, f78, quoting Menna v. New York (1975), 423 U.S. 61,62, 96 S.Ct. 241. See, also, State v. Goins (Feb. 11, 1991), Butler App. No. CA90-01-005. On the day that his trial was set to begin, Sage reached an agreement with the State and chose to plead guilty to aggravated murder, aggravated burglary, aggravated robbery, and having a weapon under disability in exchange for the State's dismissal of four firearm specifications. When a defendant has knowingly, intelligently, and voluntarily entered a guilty plea with the assistance of counsel, he `"may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Fitzpatrick, supra, quoting Tollett v. Henderson
(1973), 411 U.S. 258, 267, 93 S.Ct. 1602, additional citations omitted.
 {¶ 6} Sage has raised no claim that his plea was other than knowingly, intelligently, and voluntarily made. Because Sage was represented by counsel and appears to have knowingly, intelligently, and voluntarily entered his guilty pleas, he has waived the error that he now assigns. Accordingly, Sage's first assignment of error is overruled.
 {¶ 7} Sage's second assignment of error:
 {¶ 8} "Whether Defendant's combined sentence based on consecutive sentences for multiple convictions was supported by sufficient evidence, erroneous as a matter of law, and excessive to the point of violating Defendant's constitutional right to due process and free of cruel and unusual punishment under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio State Constitution."
 {¶ 9} In his second assignment of error, Sage claims that his sentence of life plus five years is unlawful. Specifically, Sage insists that the judicial findings did not support ordering his concurrent sentences for aggravated robbery, aggravated burglary, and weapon under disability to be served consecutively to his life sentence for aggravated murder, particularly because he was not the one who fired the killing shot. He concludes that his case must be remanded for re-sentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We agree.
 {¶ 10} The maximum sentence that the trial court could have ordered for Sage's crimes was life plus 31 years, which would have made him eligible for parole in 51 years. The minimum sentence was life with parole eligibility after 20 years. As part of the plea agreement, the State agreed to not seek a sentence longer than life plus eight years, and the trial court accepted this stipulation.
 {¶ 11} The court reviewed Sage's pre-sentence investigation report and the information submitted by his family and the family of his victim before deciding to sentence Sage to life plus five years, a sentence less severe than those received by his co-defendants. The sentence fell within the lawful guidelines and within the range agreed to by both the State and Sage as part of his plea agreement. "[A] defendant who has agreed to the sentence the court imposed thereby waives his or her right to appellate review of that sentence when that sentence is one authorized by law." R.C. § 2953.08(D). The State argues that because Sage's sentence was a lawful one and one agreed to by Sage as part of his plea agreement, he cannot not now object to that sentence, citingState v. Carson, Montgomery App. No. 20285, 2004-Ohio-5809.
 {¶ 12} Carson predated the announcement of Foster. In determining to impose greater than minimum sentences on the aggravated burglary, aggravated robbery, and weapon under disability charges, and to order the concurrent sentences on those charges to be served consecutively to the life sentence, the court engaged in the judicial factfinding thatFoster held unconstitutional. As such, the sentence must be vacated and the matter remanded to the trial court for resentencing.Foster. Sage's second assignment of error is sustained.
 {¶ 13} The sentence will be vacated and the case will be remanded for resentencing. The judgment of the trial court will be affirmed in all other respects.
FAIN, J. and DONOVAN, J., concur.