OPINION
{¶ 1} Defendant-appellant, Jacob E. Harper, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea and resentencing him pursuant to this court's instructions on remand. Defendant assigns a single error:
 [I.] THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT BY DENYING HIS MOTION FOR LEAVE TO WITHDRAW HIS PLEA OF GUILTY PRIOR TO SENTENCING PURSUANT TO RULE *Page 2 
32.1, OHIO RULES OF CRIMINAL PROCEDURE AND IN VIOLATION OF HIS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS.
Because the trial court properly denied defendant's motion to withdraw his guilty plea, we affirm.
 {¶ 2} By indictment filed October 17, 2004, defendant was charged with two counts of aggravated vehicular homicide in violation of R.C.2903.06, one a second-degree felony and one a third-degree felony, but both with a specification pursuant to R.C. 2941.1413. The charges arose out of defendant's head-on car collision that resulted in the death of a peace officer. As a result of the same incident, defendant also was charged with one count of operating a motor vehicle with a prohibited breath alcohol concentration and one count of driving a motor vehicle while impaired, both misdemeanors of the first degree and violations of R.C. 4511.19.
 {¶ 3} Although defendant initially entered a not guilty plea to the charges, defendant changed his plea to guilty to the first count of the indictment; in exchange, the prosecution entered a nolle prosequi to the remaining counts. In his guilty plea form, filed in the trial court, defendant acknowledged the maximum sentence to be eight years, plus a mandatory five years on the specification, for a total of 13 years. Similarly, in accepting defendant's guilty plea, the trial court informed defendant of the maximum penalty. At sentencing on August 5, 2005, the trial court, applying R.C. 2929.14(C), expressed its inability to determine that the police officer's death in this case rendered defendant's actions a form of the offense worse than a violation resulting in the death of any other *Page 3 
person. The court, however, determined defendant posed the greatest likelihood of recidivism and sentenced defendant to the maximum term of 13 years.
 {¶ 4} Defendant appealed, asserting in his first assignment of error that the trial court erred in imposing the maximum penalty. His second assignment of error contended under Blakely v. Washington (2004),542 U.S. 296, that the trial court erred in imposing the maximum sentence based on facts to which the defendant did not stipulate. Pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, this court sustained the second assignment of error, rendering moot the first assignment of error, ordered defendant's sentence be vacated, and remanded the matter to the trial court for resentencing pursuant to Foster. State v.Harper, Franklin App. No. 05AP-907, 2006-Ohio-1653.
 {¶ 5} Subsequent to this court's opinion, and prior to resentencing, defendant filed a motion to withdraw his guilty plea. Contending the plea was a pre-sentence motion pursuant to Crim.R. 32.1, defendant asserted he entered the guilty plea on the premise that the trial court could not impose a maximum sentence "unless the court found that, pursuant to R.C. Section 2929.14, the defendant had committed the worst form of the offense or was at great risk of offending again in the future." (Motion to Withdraw Guilty Plea, 2.) Defendant asserted that, because counsel advised the stipulated facts would limit the trial court's ability to justify a maximum sentence, he decided to waive his right to a jury trial and to enter a guilty plea.
 {¶ 6} Even though counsel's advice was accurate on the date it was given, defendant's motion argued that the decision in Foster resulted in a change in the law. He asserted that he had to be advised about the propriety of a plea under the current law, *Page 4 
and that he was entitled to withdraw his guilty plea and "decide once again if he wishes to waive his trial rights and plead guilty." Id. at 6. According to defendant, "denial of this motion to withdraw the guilty plea would result in an involuntary waiver of the right to trial by jury, the effective assistance of counsel and fundamental fairness." Id.
 {¶ 7} Prior to resentencing, the trial court conducted a hearing on defendant's motion to withdraw his guilty plea, allowing defendant to testify in support of the motion. Following oral argument from counsel, the trial court denied the motion, concluding defendant was not misled about the sentence, but simply disliked the sentence imposed. As the court stated, "defendant understood that he could receive the maximum sentence under the old scheme, and he did receive that sentence." (June 14, 2006 Tr. 18.) The court further noted that the remedy accompanyingFoster was resentencing, not withdrawal of the guilty plea. The trial court observed that if defendant's argument were persuasive, any change in the law "would open up our prison doors and retry thousands of cases based upon future change" in the law. Id. at 19. In resentencing defendant, the trial court again imposed the maximum penalty.
 {¶ 8} Defendant appeals, contending the trial court erred in denying his motion to withdraw his guilty plea. In the course of the parties' discussing the assigned error, several issues arise: (1) whether the motion should be deemed a pre-sentence or post-sentence motion; (2) whether the trial court could exceed the bounds of this court's remand instruction and consider the motion to withdraw defendant's guilty plea; and (3) whether the change effected through Foster provides a basis for defendant to withdraw his guilty plea. *Page 5 
I. Pre-Sentence or Post-Sentence {¶ 9} Defendant initially contends his motion should be deemed a pre-sentence motion to withdraw his guilty plea, as Crim.R. 32.1 freely allows such a motion before sentencing, but permits it post-sentence only on a showing of manifest injustice. State v. Xie (1992),62 Ohio St.3d 521, 526. This court addressed similar facts in State v.Rand, Franklin App. No. 03AP-745, 2004-Ohio-5838. In that case, the defendant appealed the sentence imposed in the trial court; this court found error and remanded for resentencing. On remand, the defendant requested that the court allow him to withdraw his guilty plea, contending the guilty plea was improperly taken for failure to advise him concerning his ineligibility for probation. The trial court denied the motion to withdraw the guilty plea, and on appeal this court deemed the initial issue to be "whether the motion to withdraw the guilty plea was pre-sentence or post-sentence for purposes of analysis under Crim.R. 32.1." Id. at ¶ 8.
 {¶ 10} Concluding the motion would be deemed pre-sentence, this court stated "the sentence that the trial court initially entered was not valid because, contrary to the trial court's determination, a prison sentence was mandatory pursuant to R.C. 2929.13(F) given that defendant was previously convicted of a second-degree felony. * * * Under the circumstances of this case, we conclude the defendant's motion to withdraw his guilty plea was pre-sentence — that is, the motion was made before the sentence was imposed for purposes of Crim.R. 32.1." Id. at ¶ 9.
 {¶ 11} Here, contrary to Rand, the trial court considered defendant's motion a post-sentence motion to withdraw his guilty plea and applied the manifest injustice *Page 6 
standard. Any error, however, in the trial court's characterizing the motion to be post-sentence may be harmless if defendant failed to present "a reasonable and legitimate basis for the withdrawal of the plea." Xie, supra, at paragraph one of the syllabus. Accordingly, defendant's first issue resolves to whether, if the appropriate standard be applied, his motion presents a reasonable and legitimate basis to withdraw his guilty plea. Before finally resolving the first issue, we address defendant's second issue.
II. Scope of Remand {¶ 12} Under the second issue, the state contends the trial court need not have reached the merits of defendant's motion, as the remand from this court was limited in scope to resentencing defendant. State v.Roper, Summit App. No. 22988, 2006-Ohio-3661, addressed a virtually identical issue where, following Roper's plea and the trial court's sentence, Roper in a delayed appeal argued that the trial court failed to make the appropriate findings to support the maximum sentence for his conviction. The appellate court agreed and remanded the matter for resentencing. On remand, the trial court initially granted Roper's motion to withdraw his plea, but on the state's motion for reconsideration the court denied the motion and re-imposed the same sentence. On appeal, Roper argued the trial court erred in granting the state's motion to reconsider and in denying his request to withdraw his guilty plea.
 {¶ 13} The appellate court disagreed, explaining that "[o]n remand, a trial court must obey the mandate of the court of appeals. The remand order gives the trial court jurisdiction to carry out the directive of the court of appeals. The trial court is without authority to extend or vary the mandate given by the appellate court. Therefore, action by *Page 7 
the trial court inconsistent with the mandate of the appellate court exceeds the trial court's authority and constitutes error." Id at ¶ 10. (Citations omitted.) Applying that law to the facts before it,Roper concluded "that the trial court failed to obey the mandate of this Court when it ruled on Appellant's motions to withdraw his pleas/vacate his pleas and the State's motion to reconsider. It is clear from the record that when we remanded the case to the trial court in January 2005 it was for the sole purpose of resentencing[,]" (id. at ¶ 11) leaving the trial court without the authority to consider the motions the state and Roper filed. The court nonetheless found the error harmless because neither Roper nor the state had the right to have their motions considered, and the trial court's rulings on the motions thus affected no substantial right. See, also, State v. Letts (Jan. 29, 1999), Montgomery App. No. 17084 (concluding that, because the remand from the direct appeal instructed the trial court to resentence the defendant, the trial court had no discretion to disregard, extend, or vary the mandate given and thus erred in doing anything more than resentencing the defendant).
 {¶ 14} At first blush, our decision in Rand appears inconsistent withRoper and Letts. On further examination, however, we are compelled to conclude the issue decided in Roper and Letts was not raised inRand and therefore was neither addressed nor determined in that case. Even if we apply Rand on its face and conclude the trial court could consider the merits of defendant's motion to withdraw his guilty plea, the issue again resolves to whether defendant presented a reasonable and legitimate basis for withdrawing his plea. Xie, supra. *Page 8 
III. A Reasonable and Legitimate Basis {¶ 15} In essence, defendant contends the change in law effected through the Supreme Court's decision in Foster means his plea was not knowingly, intelligently and voluntarily given. Initially, we note defendant does not contend his plea was invalid under the law as it existed at the time of his plea. Indeed, defendant admitted he knew at the time of his plea that, while he hoped for a minimum sentence, a maximum sentence was "very well possible." (June 14, 2006 Tr. 12.) Nor does the record suggest defendant was coerced or lacked the intelligence to appreciate the significance of the range of sentences. Instead, theFoster decision is the sole premise in support of his motion to withdraw his plea. Significant to resolution of defendant's assignment of error, defendant's disappointment in or dissatisfaction with the sentence imposed is not alone a basis for granting his motion to withdraw his guilty plea. State v. Glass, Franklin App. No. 04AP-967, 2006-Ohio-229, at ¶ 20.
 {¶ 16} Contrary to defendant's contentions, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States (1970),397 U.S. 742, 757. While we are aware of no Ohio court that has had the opportunity to apply that principle to a resentencing followingFoster, federal cases following the Supreme Court's decision inUnited States v. Booker (2005), 543 U.S. 220 have applied Brady to preclude a finding that a plea entered under then existing law is invalid due to a judicial change in the law. See United States v.Bradley (C.A.6, 2005), 400 F.3d 459; United States v. Roque (C.A.2, 2005), 421 F.3d 118, 123 (collecting *Page 9 
cases). Because the change of law Booker caused is functionally equivalent to that Foster caused, the federal courts' application ofBrady is instructive here: the subsequent change in law thatFoster made does not alone invalidate defendant's guilty plea. Defendant therefore fails to present a legitimate and reasonable basis to withdraw his guilty plea. Although defendant also asserts that his plea should be withdrawn for ineffective assistance of counsel, defendant admits that at the time the plea was entered, his counsel advised him correctly; only subsequent changes brought about through Foster cause defendant to question the advice counsel gave him.
 {¶ 17} Because under these circumstances the subsequent change in the law, as a matter of law, does not constitute a legitimate and reasonable basis for defendant to withdraw his guilty plea, we need not remand this matter to the trial court to apply a pre-sentence analysis to defendant's motion. For the reasons set forth here, the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. See Xie, supra.
 {¶ 18} Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur. *Page 1