OPINION
{¶ 1} Defendant-Appellant Gordon Sage was indicted on two counts of aggravated murder, one count of aggravated burglary, one count of aggravated robbery, one count of having *Page 2 
a weapon while under disability, including firearm specifications. After arraignment, the trial court appointed counsel for Sage and set the trial date for January 31, 2005.
 {¶ 2} Eleven days before trial, Sage's family retained new counsel for Sage, and the trial was continued. On the day of trial, Sage's counsel informed the court that Sage wanted to discharge them. Sage indicated that his mother did not have any more money to pay his lawyers, and he requested that new counsel be appointed to represent him.
 {¶ 3} The court refused to appoint new counsel or continue the trial. The court did, however, grant the defense additional time to prepare for voir dire. Later that same morning, Sage pled guilty to the aggravated murder, aggravated burglary, aggravated robbery, and having weapons under disability charges in exchange for the dismissal of the four firearm specifications.
 {¶ 4} On April 26, 2005, Sage was sentenced to an aggregate term of life in prison plus five years. Sage appealed his conviction and sentence, arguing that (1) the trial court abused its discretion by denying his request for a continuance in order to obtain new counsel and (2) the life plus five years sentence was unlawful.
 {¶ 5} We rejected Sage' s argument that the trial court abused its discretion in denying his request for a continuance to obtain new counsel, determining that Sage had waived his right to appeal this issue by entering his plea of guilty. We agreed, however, that the sentence of life plus five years was unlawful, and remanded the case in accordance with State v. Foster (2006), 109 Ohio St. 3d 1, 2006-Ohio-85; see Statev. Sage (2007), Montgomery App. No. 21097, 2007-Ohio-442.
 {¶ 6} On remand, and prior to re-sentencing, the defendant orally moved to vacate his *Page 3 
guilty plea, asserting that (1) he believed a jury would reach a conclusion of not guilty, and (2) he was coerced into entering a guilty plea. Sage urged the trial court to apply the pre-sentence standard in deciding the request to vacate the guilty plea. The trial court ruled, however, that the tougher post-sentence standard of manifest injustice applied, and it thereby denied the defendant's motion. The trial court reasoned, "This is a 2004 case. The plea, if I recall, was entered in early 2005 after two co-defendants had been convicted after jury trials; and this plea was an agreed plea with a range of sentencing.
 {¶ 7} "Under those circumstances, even though technically we are before sentence because the sentence was vacated, we are not before a sentence in the sense that sentence has already been once imposed although reversed because of technicalities of the change in the law.
 {¶ 8} "So, therefore, this, in the Court's mind, is a request to withdraw the plea after sentencing; and it's almost two years after sentencing. Therefore, the Court believes that this would come under a manifest injustice standard. I haven't heard anything that indicates a manifest injustice has occurred, so I will deny the request."
 {¶ 9} Sage was re-sentenced to life plus five years. It is from the trial court's application of the post-sentencing standard of manifest injustice in denying Sage's motion to vacate that Sage now appeals.
 II. {¶ 10} Defendant-Appellant asserts one assignment of error as follows:
 {¶ 11} "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA" *Page 4 
 {¶ 12} Sage asserts that the trial court erred when it applied the post-sentence standard of manifest injustice to his motion to withdraw his guilty plea. He argues that the more lenient pre-sentence standard controls.
 {¶ 13} Criminal Rule 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Ohio case law indicates that a pre-sentence motion to withdraw a guilty plea is liberally allowed upon the showing of a reasonable and legitimate basis for such withdrawal. State v. Askew (2005), 2005 Ohio 4026; State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715. After sentencing, however, a motion to withdraw a guilty plea will only be granted in "extraordinary cases" to prevent manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261,264, 361 N.E.2d 1324.
 {¶ 14} In remanding this matter for resentencing, pursuant toFoster, we upheld Sage's plea and conviction.
 {¶ 15} Specifically, we remanded the matter herein for the limited purpose of resentencing pursuant to Foster. In upholding Sage's plea and conviction, we noted that Sage "raised no claim that his plea was other than knowingly, intelligently, and voluntarily made." State v. Sage
(February 2, 2007), Montgomery App. No. 21097, 2007-Ohio-442.
 {¶ 16} Sage relies upon State v. Harper, Franklin App. No. 06AP-733,2007-Ohio-2590, to suggest the trial court employed the wrong analysis in denying his oral motion for a new trial. In Harper, the defendant, who pled guilty to aggravated vehicular homicide and received a maximum sentence, filed a motion to withdraw his guilty plea following aFoster remand. *Page 5 
Harper argued that the change in law that Foster produced "means that his plea was not knowingly, intelligently and voluntarily given." The trial court considered Harper's motion to be a post-sentence motion for purposes of Crim.R. 32.1 analysis and, after a hearing, overruled the motion and again imposed the maximum penalty. On appeal, the court determined that pre-sentence analysis controlled, pursuant to State v.Rand, Franklin App. No. 03AP-745, 2004-Ohio-5838 (applying pre-sentence analysis to defendant's motion to withdraw his guilty plea upon aFoster remand, because the trial court's sentence was invalid and therefore "the motion was made before the sentence was imposed for purposes of Crim.R. 32.1.") Pursuant to pre-sentence analysis, the Harper court held, "the subsequent change in law that Foster made does not alone invalidate defendant's guilty plea. Defendant therefore fails to present a legitimate and reasonable basis to withdraw his guilty plea." The court concluded, since "the subsequent change in law, as a matter of law, does not constitute a legitimate and reasonable basis for defendant to withdraw his guilty plea, we need not remand this matter for the trial court to apply a pre-sentence analysis to defendant's motion."
 {¶ 17} The trial court gave Sage's motion the consideration it merited. The motion was made orally without elaboration or substantive facts a full two years after the pleas had been entered. A suggestion that a jury would acquit and that the pleas were made under duress is conclusory at best. Thus, the trial court did not abuse its discretion in denying the motion since the bare assertions without any explanation fail to rise to the level of a reasonable and legitimate basis for withdrawal. See, State v. Webb, Darke App. No. 1667, 2006-Ohio-3512. Further, any error in the court's characterizing the motion as post-sentence rather than pre-sentence is harmless since Sage failed to assert a reasonable and legitimate basis for withdrawal of his plea. *Page 6 
Judgment affirmed.
 BROGAN, J. and GRADY, J., concur. *Page 1