[Cite as *State v. Sage*, 2013-Ohio-3048.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25453 |
| v. | : | T.C. NO. 04CR1574 |
| GORDON W. SAGE | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the ___12th___ day of ___July___, 2013.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

GORDON W. SAGE, #A458-271, London Correctional Institute, P. O. Box 69, London, Ohio 44130
      Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Gordon W. Sage appeals from a judgment of the Montgomery County

Court of Common Pleas, which denied his "motion for rescission of contractual agreement," which the trial court construed as a petition for post-conviction relief. The trial court found that Sage's motion was untimely and was barred by res judicata. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2} In September 2004, Sage was indicted on two counts of aggravated murder and one count each of aggravated burglary, aggravated robbery, and having weapons while under disability. The aggravated murder, aggravated robbery, and aggravated burglary charges each had an accompanying firearm specification.

{¶ 3} On April 11, 2005, Sage pled guilty to all of the charges; the firearm specifications were dismissed as part of the plea agreement. Each of the plea forms indicated that Sage was subject to a particular prison term, to post-release control, and to particular penalties if he violated post-release control. The form for the having weapons while under disability charge indicated that Sage faced "up to" three years of post-release control after his release from prison. The other four forms stated that Sage faced "up to" five years of post-release control.

{¶ 4} Sage was sentenced on April 28, 2005. The court imposed a life sentence for each aggravated murder count, and merged the two sentences. The court sentenced Sage to five years in prison for aggravated robbery and aggravated burglary, to be served concurrently with each other but consecutively to the life sentence for the aggravated murder. The court sentenced Sage to one year in prison for having weapons while under disability, to be served concurrently with the other counts. All sentences were to be served

concurrently with a sentence previously imposed on Sage in another case (Montgomery C.P. No. 2003 CR 3406). Sage's aggregate sentence was life plus five years, for which Sage would be eligible for parole after 25 years.

{¶ 5} The trial court's sentencing entry reflects that Sage was informed that, following his release from prison, he would serve five years of post-release control for the aggravated burglary and aggravated robbery. The entry further states that, with respect to the aggravated murder, however, Sage was told that, if he were ever released, his sentence included parole supervision by the Adult Parole Authority.

{¶ 6} Sage appealed from his conviction. He claimed that the court should have granted him a continuance to obtain new counsel and that his sentence was unlawful under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We concluded that Sage's guilty plea waived his right to appeal the denial of a continuance, because he had been represented by counsel and his plea appeared to have been knowing, intelligent, and voluntary. However, we vacated his sentence under *Foster* and remanded for resentencing. *State v. Sage*, 2d Dist. Montgomery No. 21097, 2007-Ohio-442.

{¶ 7} Prior to resentencing upon remand, Sage orally moved to withdraw his guilty plea, asserting that (1) he believed a jury would reach a verdict of not guilty, and (2) he was coerced to enter his plea. The trial court considered Sage's motion as a post-sentence motion to withdraw his plea and found no manifest injustice. The court then reimposed its previous sentence. Sage appealed, arguing that the trial court erred in denying his motion to withdraw his plea. We affirmed the trial court's ruling. *State v. Sage*, 2d Dist. Montgomery No. 22078, 2007-Ohio-6353.

{¶ 8}    In March 2009, Sage filed a motion to vacate or set aside his sentence, asserting under *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, that his indictment for aggravated robbery failed to include the mens rea.   The trial court held that Sage's motion was more properly a petition for post-conviction relief, that the motion was untimely, that Sage waived any challenge to the indictment by pleading guilty, and that *Colon* did not apply.   Sage did not appeal the trial court's ruling.

{¶ 9}    In June 2012, Sage filed the instant "motion for rescission of contractual agreement."   He argued that his plea agreements were invalid, because they all included post-release control, even though parole, not post-release control, applied to the aggravated murder charges.   Sage further emphasized that the plea agreements stated that he was subject to "up to" five years of post-release control for the aggravated robbery and aggravated burglary charges and "up to" three years of post-release control for having weapons while under disability.   Sage claimed that these errors rendered the plea agreements void, and he asked to be brought to trial within 90 days.

{¶ 10}   The trial court denied the motion.   It concluded that Sage's motion was "the functional equivalent of a petition for post-conviction relief" and found that the motion was untimely.   The court further stated that Sage's motion "relates to the language on his plea agreement.   The Defendant could have raised this argument on direct appeal and res judicata precludes him from doing so now."

{¶ 11}   Sage appeals from the trial court's denial of his motion for rescission of contractual agreement, raising two assignments of error.   We will address them together.

II.

{¶ 12}   Sage's assignments of error state:

THE TRIAL COURT ERRED IN CONVERTING APPELLANT'S DIRECT ATTACK INTO A COLLATERAL ATTACK AND THEN DEEMING IT UNTIMELY AND RES JUDICATA.

THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT GRANTING RELIEF FROM A VOID JUDGMENT.

{¶ 13} In his assignments of error, Sage contends that the trial court erred in converting his motion for rescission to a petition for post-conviction relief. He states that his motion "was tantamount to a withdrawal of guilty plea request." Sage further argues that the trial court erred in denying his motion.

{¶ 14} It is well-established that a post-sentence motion to withdraw a plea is a separate remedy from petitions for post-conviction relief. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 11. A post-conviction petition is a collateral civil attack on the judgment, whereas a motion to withdraw a plea is part of the underlying criminal case. *Bush* at ¶ 13, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). A petition for post-conviction relief must meet the timeliness requirements of R.C. 2953.21. In contrast, Crim.R. 32.1 does not contain a time limitation, although timeliness may be a consideration in ruling on a motion to withdraw a plea. *Bush* at ¶ 14.

{¶ 15} Sage has not argued that his motion met the timeliness requirements of a petition for post-conviction relief. Based on the record, Sage's motion, if construed as a petition for post-conviction relief, was untimely. However, we need not decide whether the trial court erred in treating Sage's motion as a petition for post-conviction relief because, even if the motion had been treated as a motion to withdraw his plea under Crim.R. 32.1 (as

Sage suggests), we would find no abuse of discretion in the trial court's denial of the motion without a hearing.

{¶ 16} Withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 7, citing *Smith* at paragraph one of the syllabus. "A manifest injustice has been defined by the Ohio Supreme Court as a 'clear or openly unjust act.'" *State v. Moore*, 2d Dist. Montgomery No. 24387, 2011-Ohio-4546, ¶ 9, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). Consideration of a Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, which assesses the good faith, credibility and weight of the movant's assertion in support of the motion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *Smith* at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. *State v. Barnett*, 73 Ohio St.3d 244, 596 N.E.2d 1101 (1991). An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St .2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 17} Sage's original sentencing entry states that, if Sage were released from prison with respect to the aggravated murder charges, he would be subject to parole under the authority of the Adult Parole Authority. Sage did not claim on direct appeal that his plea was not knowing, intelligent and voluntary due to the plea agreement's inclusion of post-release control, rather than parole, for the aggravated murder charges. And, upon

remand, when Sage orally moved to withdraw his plea, he did not seek to withdraw his plea based on the fact that the plea agreements for the aggravated murder charges included post-release control.

{¶ 18} When Sage was resentenced in March 2007 (upon remand from his direct appeal based on *Foster*), he was informed that the aggravated murder charges had parole supervision whereas his other charges included post-release control. The sentencing entry stated that "if the defendant is ever to be released by the Adult Parole Authority, the sentence includes parole supervision as determined by the Adult Parole Authority." Thus, although Sage was again notified that he would be subject to parole supervision, rather than post-release control, for the aggravated murder, he did not raise this discrepancy between the plea agreements and his sentence in his subsequent appeal.

{¶ 19} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal. * * *." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

{¶ 20} Sage could have raised the inclusion of post-release control in his plea agreements for aggravated murder and the improper notification of post-release control in the plea agreements for his other offenses either on direct appeal from his convictions or in his oral motion to withdraw his plea. Sage failed to raise these issues at either time. Accordingly, the trial court did not err in concluding that Sage's argument was barred by res

judicata.   And even if these issues had been raised, Sage has failed to establish that he has suffered a manifest injustice by the alleged errors in the plea forms.

{¶ 21}   On appeal, Sage further argues that the trial court erred in failing to grant relief from a "void judgment."

{¶ 22}   Plea agreements are contractual in nature and are subject to contract law principles. *Smith v. Ohio Adult Parole Authority*, 2d Dist. Champaign No. 2009 CA 22, 2010-Ohio-1131, ¶ 36; *State v. Dillon*, 2d Dist. Darke No. 05 CA 1674, 2006-Ohio-4931, ¶ 21.   If one party breaches the plea agreement, the remedies for the breach include the traditional contractual remedies of rescission and specific performance.  *State v. Johnson*, 2d Dist. Greene No. 06 CA 43, 2007-Ohio-1743, ¶ 20, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶ 23}   Plea agreements are generally made between the State and a defendant. Unless the court involves itself in the plea negotiations or agrees to the terms of the agreement, the trial court is not bound by the plea agreement, and the court may determine the appropriate sentence for the charges to which the defendant has pled guilty or no contest.  *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28.

{¶ 24}   In his motion, Sage did not claim that the State breached the plea agreements.   And based on the record, we find no indication that the trial court was involved in the plea negotiations between Sage and the State.   Rather, as stated above, Sage asserted that his plea agreements were void due to defects regarding post-release control in the written plea forms.   On appeal, Sage contends that the trial court's judgment is void and unenforceable because the plea agreements were void.

{¶ 25} Although Sage claims that the trial court's judgment is void due to defects in the plea agreement, the trial court's sentencing entries did not contain the defects that Sage alleges. Both Sage's original 2005 sentencing entry and his March 2007 sentencing entry indicated that Sage would serve "five years" of post-release control upon his release from prison for Counts 14 and 15 (aggravated burglary and aggravated robbery, respectively). In addition, the sentencing entries stated that, with respect to the aggravated murder charges, the sentence included parole supervision should he ever be released. Because the trial court's 2007 sentencing entry (the most recent entry) properly imposed post-release control for aggravated burglary and aggravated robbery and properly included parole for the aggravated murder, the trial court's sentencing entry is not void. Sage's argument that the trial court's judgment is unenforceable lacks merit.

{¶ 26} The assignments of error are overruled.

III.

{¶ 27} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
Gordon W. Sage
Hon. Dennis J. Adkins