[Cite as *State v. Reynolds*, 2019-Ohio-630.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106979**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**PIERSON REYNOLDS, JR.**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-610041-A

**BEFORE:** Laster Mays, P.J., E.A. Gallagher, J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** February 21, 2019

-i-

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

By:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Sarah Denney
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, P.J.:

{¶1} Defendant-appellant Pierson Reynolds ("Reynolds") appeals his sentence and asks this court to vacate his sentence and remand for new sentencing.   After review of the record, we affirm.

{¶2} Reynolds was charged in a 15-count indictment, but pleaded guilty to six of those charges, including one count of aggravated burglary, a first- degree felony, in violation of R.C. 2911.11(A)(1); one count of robbery, a second- degree felony, in violation of R.C. 2911.02(A)(2); one count of aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1); one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1); and two counts of burglary, a second-degree felony, in violation of R.C.

2911.12(A)(1). Reynolds was sentenced to 15 years in prison and ordered to pay $520 in restitution.

## I.    Facts

**{¶3}** Reynolds pleaded guilty to six charges on May 22, 2017, after the trial court advised him of his constitutional rights.   At that time, the state recommended an agreed prison sentence of 13 years to the trial court, and Reynolds agreed to pay restitution totaling $520 to the three victims.   The trial court informed Reynolds that, although there was a recommendation to serve 13 years in prison, the trial court was not bound by that agreement.   Reynolds acknowledged that he understood.   Defense counsel suggested that Reynolds was having some psychological issues and requested that a psychiatric evaluation be completed.   The court referred Reynolds to the psychiatric clinic for a disposition evaluation pursuant to R.C. 2947.06(B).

**{¶4}** On July 7, 2017, a report was prepared and a hearing was held.   On that day, the mitigatory psychiatric evaluation determined that Reynolds was found to have a medical disorder questioning his competence.   A subsequent evaluation determined that Reynolds was incompetent to stand trial and recommended hospitalization.   The trial court ordered Reynolds to inpatient restoration to competency at the North Coast Behavioral Healthcare.   While Reynolds was hospitalized, his case was transferred to the mental health docket presided over by a different trial judge.

**{¶5}** After Reynolds was discharged, he appeared before the mental health court. Reynolds's counsel requested, by oral motion, to vacate his original plea. The mental health court granted the motion.   At the hearing, the state confirmed:

> We have no objection to withdraw the plea.   However, I will note for the record that at the time of the original plea of guilty, there was also an agreement between the parties that the defendant would serve a 13-year sentence.   And my

understanding is that negotiation, that offer, is now off the table, if the court is to accept the withdraw of plea today.   I just wanted to make the record clear.

(Tr. 34.)

{¶6} Reynolds's counsel responded that "[w]e don't have a problem with that as a practical matter."   (Tr. 35.)   Reynolds later pleaded guilty to the same amended indictment. The trial court sentenced Reynolds to 15 years imprisonment.   As a result of the sentence, Reynolds filed this appeal asking for the original agreed sentence of 13 years imprisonment to be imposed.   Reynolds assigns one error for our review:

> I.     Appellant's rights to due process and a fair sentence were violated where the prosecution abandoned its sentence recommendation for no justifiable reason and encouraged the court to impose the maximum and where the trial court, again, for no justifiable reason, imposed a sentence beyond that which had been originally agreed upon.

## II.    Plea Bargaining

{¶7} Appellant contends that his due process rights were violated when, through no fault of his own, he withdrew his guilty plea and the state later pressed the court for a maximum sentence.   The state argues that Reynolds breached his agreement when he withdrew his guilty plea and, therefore, the state was not bound by the agreement.

{¶8} In the criminal justice system, plea agreements are essential.   *State v. Casper*, 11th Dist. Ashtabula No. 2018-A-0023, 2018-Ohio-4375, ¶ 16.   "'At its core, a plea agreement is contractual in nature and subject to contract-law standards.'   *State v. Vari*, 7th Dist. Mahoning No. 07MA142, 2010-Ohio-1300, ¶ 24, citing *Santobello* [*v. New York*, 404 U.S. 257, 92 S.Ct.495, 30 L.Ed.2d 427 (1971)]; *Baker v. Unites States*, 781 F.2d 85, 90 (6th Cir.1986)." *State v. James*, 4th Dist. Ross No. 13CA3371, 2013-Ohio-5322, ¶ 12.   We find that the state's

contention that Reynolds breached the initial plea agreement is misplaced. Reynolds was deemed incompetent to stand trial at the time he entered the initial guilty plea.

> The due process clauses of both the United States and Ohio Constitutions require that guilty or no contest pleas be made knowingly, intelligently, and voluntarily. *Parke v. Raley*, 506 U.S. 20, 28-30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). If the defendant does not knowingly, intelligently, and voluntarily plead guilty to an offense, then the plea is void. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 285, 661 N.E.2d 817 (1995). "'A defendant is unable to knowingly, intelligently, and voluntarily plead guilty to an offense if he lacks the capacity to understand the nature and object of the proceedings against him.'" *State v. Davis*, 7th Dist. Columbiana No. 00 CO 61, 2002-Ohio- 3853, ¶ 13, quoting *Drope v. Missouri*, 420 U.S. 162, 171, 43 L.Ed.2d 103, 95 S.Ct. 896 (1975).

*State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, ¶ 15.

{¶9} Reynolds lacked the capacity to enter into a plea agreement with the state. Therefore, Reynolds was not bound by the agreement. Likewise, we find that the state was not bound by the terms of the initial plea agreement.

{¶10} Next, we examine whether the mental health court erred when it imposed a sentence beyond the original recommendation from the state. The record reveals that during discussions before the judge regarding the history of the proceedings, the judge learned of the initial plea agreement.

> Court: I didn't know that was the case. Was that brought to my attention?
>
> Counsel: I don't think we ever discussed that, Your Honor. I don't think we ever discussed what the plea agreement was.

(Tr. 35.) During that exchange between defense counsel and the state, the trial court stated that it believed that the state was acting in bad faith and punishing the defendant for withdrawing his plea. (Tr. 34-35.)

**{¶11}** Although the mental health court suggested that the state acted in bad faith, it was not bound by the original agreement. Generally, plea agreements are made between defendants and the state. *See State v. Sage*, 2d Dist. Montgomery No. 25453, 2013-Ohio-3048, ¶ 23. Unless the court involves itself in the plea negotiations or agrees to the terms of the agreement, the trial court is not bound by the plea agreement, and the court may determine the appropriate sentence for the charges to which the defendant has pled guilty or no contest. *Id.*, citing *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28. *State v. Fyffe*, 2d Dist. Greene No. 2016-CA-14, 2018-Ohio-112, ¶ 22. Additionally, it is important to note that the negotiated plea agreement was not reintroduced to the mental health court. The mental health court was then able to conduct a de novo sentencing. We find that the mental health court did not err when it imposed a sentence greater than the original plea agreement.

**{¶12}** Reynolds's sole assignment of error is overruled.

**{¶13}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
EILEEN A. GALLAGHER, J., CONCURS IN JUDGMENT ONLY