[Cite as *State v. Swaney*, 2020-Ohio-210.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28357 & 28515 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-3334 |
| | : | & 2019-CR-340 |
| NICHOLAS R. SWANEY | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of January, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Oakwood, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Nicholas R. Swaney pled guilty to having weapons while under disability, a third-degree felony, in Montgomery C.P. No. 2018-CR-3334 and to breaking and entering and theft, both fifth-degree felonies, in Montgomery C.P. No. 2019-CR-340. The trial court found Swaney guilty and imposed concurrent sentences totaling 24 months in prison.

{¶ 2} Swaney appeals from his convictions, claiming that his pleas were not made knowingly, intelligently, and voluntarily, that the trial court acted unlawfully by interjecting itself into the plea bargaining process, and that his sentences were contrary to law and unsupported by the record. For the following reasons, the trial court's judgments will be affirmed.

## I. Factual and Procedural History

{¶ 3} In September 2018, in Case No. 2018-CR-3334, a grand jury indicted Swaney for having weapons while under disability, in violation of R.C. 2923.13(A)(2). The trial court set bail of a surety bond in the amount of $2,500. Swaney initially pled not guilty. On October 10, 2018, however, Swaney appeared with counsel and pled guilty to the charged offense.

{¶ 4} At the beginning of the plea hearing, defense counsel told the trial court that Swaney was "prepared to plead guilty as charged. The State has agreed to defer to the Court as to sentencing." Defense counsel asked the court to consider "COR to PSI so that Mr. Swaney could show the Court that he is amenable to community control sanctions." The prosecutor indicated that she would defer to the court on the conditional own recognizance bond request. The court told Swaney that it would take his plea and change his bond to COR. The court emphasized that "[i]f you don't show up for

everything, if you get in any trouble, if you don't show up for final disposition that will be weighing very heavily against you. You might want to just sit there for two weeks if you don't think you can do it." The court stated that it was "looking at community control sanctions for you but if you screw up between now and when you're supposed to come back that may not be my first option." Swaney stated that he understood.

{¶ 5} The trial court then engaged in a Crim.R. 11 plea colloquy, during which it asked Swaney if he were under the influence of drugs or alcohol, his level of education, if he had any difficulty reading the plea form, and if he were on probation or parole for any other offense. (He was not.) The court informed Swaney of the constitutional rights that he was waiving by entering a plea, and Swaney acknowledged that he was giving up those rights.

{¶ 6} The trial court told Swaney of the possible prison terms for having weapons while under disability, as well as the possible financial sanctions. The court informed Swaney that he would be subject to three years of post-release control if he were sentenced to prison. The court also told Swaney that he was eligible for community control sanctions, including various residential and non-residential sanctions. The court indicated that if he were sentenced to community control sanctions, he would be required to serve 36 months in prison if he violated community control. At the court's request, the State provided the factual basis for the charge using the language of the indictment. The court asked Swaney how he wished to plead based on those facts. Swaney pled guilty.

{¶ 7} The court asked Swaney to read the plea form and to sign it "[i]f you understand what's on it, what we've gone over and this is your voluntary plea." Swaney signed the plea form. The plea form included a statement that "I understand the effect

of my plea(s) and that the Court, upon acceptance of my plea(s), may proceed with judgment and sentence."   The trial court accepted Swaney's plea, ordered a presentence investigation, and scheduled sentencing for November 7, 2018.

{¶ 8} Swaney failed to appear for sentencing as required, and the court issued a capias for his arrest.   It is unclear whether Swaney had participated in the presentence investigation; the presentence investigation report (PSI) is not part of the record. Swaney was arrested on January 15, 2019.

{¶ 9} On March 13, 2019, in Case No. 2019-CR-340, Swaney was indicted for breaking and entering (unoccupied structure – barn) and for theft (without consent - $1,000 or more, but less than $7,500) based on events that allegedly occurred on February 27, 2018.   A deputy sheriff served Swaney with the indictment at the Montgomery County Jail.   Swaney pled not guilty to the new charges on March 19.

{¶ 10} On March 27, 2019, the trial court held a combined sentencing hearing on the weapons charge in Case No. 2018-CR-3334 and a plea/sentencing hearing on Swaney's new charges in Case No. 2019-CR-340.   The trial court imposed 24 months in prison for having weapons while under disability in Case No. 2018-CR-3334, to be served concurrently with the sentences in Case No. 2019-CR-340.   The court accepted Swaney's guilty pleas to both breaking and entering and theft in Case No. 2019-CR-340 and imposed 12 months in prison on each count, to be served concurrently with each other and to the sentence in Case No. 2018-CR-3334.   The court credited Swaney with 122 days of jail time credit.

{¶ 11} Swaney appeals from his convictions.[1]   In his first and second assignments

---

[1] On October 1, 2019, we granted Swaney's motion for a delayed appeal, pursuant to

of error, Swaney claims that his pleas were not made knowingly, intelligently, and voluntarily, and that he was denied due process. He further claims in his fourth assignment of error that the trial court failed to determine his understanding of the maximum penalties involved. Swaney argues that the trial court impermissibly had "controlling involvement" in the plea bargaining process when it discussed Swaney's possible sentences with him. Swaney's third assignment of error challenges his sentences.

## II. Felony Plea Standards

{¶ 12} "An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was knowing, intelligent, and voluntary[.]" *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If a defendant's plea is not knowing, intelligent, and voluntary, it "has been obtained in violation of due process and is void." *Id.* "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13.

{¶ 13} Crim.R. 11(C)(2) requires a trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with

App.R. 5(A), in Montgomery App. No. 28515 (Case No. 2019-CR-340).

judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 14} The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. The trial court must comply strictly with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 31. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need comply only substantially with those requirements. *E.g., State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he [or she] is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

But "[w]hen the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or failed to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be

vacated. *Id.* Complete failure " 'to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

*Bishop* at ¶ 19. *See also State v. McGlinch*, 2019-Ohio-1380, __ N.E.3d __, ¶ 28 (2d Dist.).

{¶ 15} Plea agreements are generally made between the State and a defendant. *State v. Sage*, 2d Dist. Montgomery No. 25453, 2013-Ohio-3048, ¶ 23. Unless the court involves itself in the plea negotiations or agrees to the terms of the agreement, the trial court is not bound by the plea agreement, and the court may determine the appropriate sentence for the charges to which the defendant has pled guilty or no contest. *Id.*, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28.

{¶ 16} The Ohio Supreme Court has held that judicial participation in plea negotiations does not render a plea invalid per se, but such involvement requires careful scrutiny to determine if "the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial." *State v. Mills*, 2d Dist. Montgomery No. 26619, 2015-Ohio-5385, ¶ 11, quoting *State v. Byrd*, 63 Ohio St.2d 288, 293-94, 407 N.E.2d 1384 (1980). "*Byrd* stands for the proposition that a plea of guilty or no contest will be presumed to be coerced if the trial judge takes a partisan position in support of the plea." *State v. Chenoweth*, 2d Dist. Montgomery No. 15846, 1997 WL 630018, *2 (Sept. 19, 1997).

{¶ 17} We have repeatedly stated that, when the trial court promises a certain sentence at a plea hearing, that promise "becomes an inducement to enter a plea, and

unless that sentence is given, the plea is not voluntary." *E.g., State v. Anderson*, 2d Dist. Montgomery No. 26056, 2014-Ohio-4699, ¶ 9; *State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19, ¶ 22 (2d Dist.); *State v. Layman,* 2d Dist. Montgomery No. 22307, 2008-Ohio-759, ¶ 15, quoting *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882.

### III. Voluntariness and Lawfulness of Swaney's Pleas

{¶ 18} We find nothing in the trial court's conduct at either plea hearing that rendered Swaney's pleas unlawful or other than knowing, intelligent, and voluntary.

### A. Case No. 2018-CR-3334

{¶ 19} During the plea hearing for the charge of having weapons while under disability (Case No. 2018-CR-3334), the trial court initially addressed Swaney's possible sentence in the context of defense counsel's request (made prior to the plea colloquy) that Swaney be released on an own-recognizance bond so that he could demonstrate his amenability to community control. The trial court told Swaney that it was "looking at community control sanctions for you but if you screw it up between now and when you're supposed to come back that may not be my first option." By making this and similar statements to Swaney, the trial court did not interject itself into the plea bargaining process. It merely emphasized to Swaney that any failure to comply with the conditions of the own-recognizance bond would negatively affect Swaney's ultimate sentence. At no time did the trial court promise that Swaney would receive a particular sentence or encourage Swaney to enter a guilty plea in order to receive a more lenient sentence.

{¶ 20} During the court's subsequent plea colloquy, the court informed Swaney of the maximum sentence that he faced for having weapons while under disability, saying

that he could "be sentenced to any following – financial sanctions including a fine of up to $10,000, court costs, restitution, and other financial sanctions." The court further told Swaney that he faced "a possible prison term of 9, 12, 18, 24, 30, or 36 months." The court notified Swaney of the post-release control obligation if a prison sentence were imposed. The court also told Swaney that he was eligible for community control sanctions for a period of up to five years, which could include "community residential sanctions including up to six months in jail or the MonDay, STOP program or inpatient treatment * * * [and] nonresidential sanctions – outpatient drug treatment, community service work, classes for probation, getting and keeping a job, having a curfew, things like that, not having guns." The court told Swaney that he would be required to serve 36 months in prison if he were placed on community control and violated the conditions of his community control. At the court's request, the prosecutor read the "facts" as alleged in the indictment. The court thus complied with Crim.R. 11(C)(2)(b).

{¶ 21} The trial court strictly complied with its obligation to inform Swaney of and determine that he understood the constitutional rights that he was waiving by entering his plea. The trial court did not inform Swaney that a guilty plea was a complete admission of guilt, but Swaney read and signed his plea form, which indicated that he understood the nature of his plea and understood that the court could proceed immediately to sentencing. The record reflects that Swaney's plea to having weapons while under disability in Case No. 2018-CR-3334 was made knowingly, intelligently, and voluntarily.

{¶ 22} After accepting Swaney's plea, the court reiterated that it was changing Swaney's bond to "COR to PSI" and that "any problems, they're going to really weigh heavily against you. And I mean it on that. I take these gun charges seriously." Again,

the court's comments simply reiterated that any failure to comply with the terms of the bond could affect the sentence ultimately imposed.

### B. Pleas in Case No. 2019-CR-340

{¶ 23} Swaney emphasizes that the trial court had "controlling involvement" in the plea negotiations in Case No. 2019-CR-340. At the beginning of the March 27, 2019 hearing, defense counsel and the trial court discussed the potential plea agreement:

[DEFENSE COUNSEL]: Your Honor, I've discussed the agreement with Mr. Swaney this morning that if he were to plead guilty to both counts of the new indicted charge, that the B and E and theft were felonies of the fifth degree, that he would receive a concurrent sentence for the case for which he's before the Court for sentencing [i.e., Case No. 2018-CR-3334].

THE COURT: Correct. So what are you doing?

[DEFENSE COUNSEL]: We're going to tender the plea.

THE COURT: Okay.

[DEFENSE COUNSEL]: And we would waive any additional pre-sentence investigation.

* * *

THE COURT: Okay. So it's breaking and entering and a theft. Those are both felonies of the fifth degree. So I would give you 12 months on each of those, 24 months on the other one concurrent to each other and then since it's the [sic] concurrent you get 122 days jail time credit. Okay?

THE DEFENDANT: Yeah.

{¶ 24} The court then conducted its Crim.R. 11 colloquy. The court informed

Swaney of the constitutional rights he was waiving by pleading guilty to the two charges. The court told him that he could be ordered to pay financial sanctions. The court further told Swaney that he could "be sentenced to a prison term of between six and 12 months on each count," but specified that it was "going to sentence you to 24 months on the case pending sentence and 12 months on these two." Swaney stated that he understood. The court told Swaney that, since it was "sending you to prison, following your release you could be placed on post-release control for a period of three years." As to community control, the court stated: "Technically, you're eligible for community control sanctions but we're not even going to consider it. Do you understand that?" Swaney responded, "Yes."

{¶ 25} The prosecutor read the facts, as stated in the indictment, for each of the charges. When asked how he pleaded based on those facts, Swaney responded, "Guilty." Swaney read and signed the plea form, which stated that he understood the nature of his plea and that he could be sentenced immediately.

{¶ 26} The record does not support Swaney's contentions that his pleas were not made knowingly, intelligently, and voluntarily, or that the trial court acted improperly. At the beginning of the March 27 hearing, defense counsel indicated to the court that she had discussed with Swaney a proposed plea agreement whereby he would receive concurrent sentences in both Case Nos. 2018-CR-3334 and 2019-CR-340 if he were to plead guilty to the two fifth-degree felonies. (The prosecutor did not comment on the proposed plea agreement at the plea hearing.) The court indicated, prior to conducting the Crim.R. 11 colloquy, that it would impose those sentences concurrently, in accordance with the plea agreement.

{¶ 27} It is unclear from the record whether the trial court discussed with counsel its intended sentences prior to the hearing. Nevertheless, prior to the plea colloquy, the trial court notified Swaney that it intended to impose a 24-month sentence in Case No. 2018-CR-3334 and 12-month sentences in Case No. 2019-CR-340, all to be served concurrently. The court did not suggest that Swaney would receive harsher sentences or consecutive sentences if he did not enter guilty pleas in Case No. 2019-CR-340. And, immediately following the entry of his guilty pleas, the court imposed the concurrent sentences, as previously stated. Swaney's plea was not rendered involuntary or contrary to law merely because the trial court informed him of the sentences it would impose if he pled to the charges.

{¶ 28} Swaney further argues that he did not understand the maximum penalty in Case No. 2019-CR-340, because the trial court did not inform him that he faced a maximum of five years in prison if his sentences were run consecutively (12 months + 12 months + 36 months in Case No. 2018-CR-3334). However, such an advisement generally is not required. As stated by the Ninth District:

> Usually, a trial judge is not required to advise a defendant at the time of his plea that consecutive sentences may be imposed. *See State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus. In *Johnson*, the Court reasoned that "the decision of whether the criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter of sentencing discretion" and "[t]he exercise of such discretion" occurs at the time of sentencing not when the plea is entered. *Id.* at 133-134, 532 N.E.2d 1295.

*State v. Bailey*, 2016-Ohio-4937, 68 N.E.3d 416, ¶ 11 (9th Dist.). An exception exists when a statute requires that sentences be served consecutively, *e.g., Bailey* at ¶ 13, but that circumstance did not exist in this case. Regardless, the trial court ordered all the sentences to be served concurrently, as promised. Swaney's argument lacks merit.

{¶ 29} Swaney's first, second, and fourth assignments of error are overruled.

## IV. Swaney's sentences

{¶ 30} In his third assignment of error, Swaney claims that "the record does not support Appellant's sentence(s) under the purposes and principles in R.C. §2929.11 and the seriousness and recidivism factors in R.C. §2929.12." However, Swaney's appellate brief focuses solely on his understanding of the possible maximum sentence; he does not address the length of the sentences imposed.

{¶ 31} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 32} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial

court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 33} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 34} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service

record, if any.

{¶ 35} Prior to imposing sentence, the trial court asked defense counsel if she had anything to say on Swaney's behalf. Defense counsel responded, "No, we've had the opportunity to discuss this. I appreciate that. Thank you, Judge." Swaney declined to say anything on his own behalf. The court did not ask the prosecutor if she wished to comment on Swaney's sentence. The trial court then imposed sentence in each case. The court stated that, for Case No. 2018-CR-3334, it had "consider[ed] the purposes and principles of sentencing in the Revised Code Section 2929.11 and the seriousness and recidivism factors in the Ohio Revised Code Section 2929.12." For Case No. 2019-CR-340, it indicated that it had considered "the same statutes." The 24-month sentence in Case No. 2018-CR-3334 and the 12-month sentences for Case No. 2019-CR-340 were within the statutory ranges for the charged offenses. *See* R.C. 2929.14(A)(3)(b) and 2929.14(A)(5). Because Swaney previously had pleaded guilty to a felony offense, mandatory community control for the fifth-degree felonies did not apply. *See* R.C. 2929.13(B)(1)(a).

{¶ 36} Based on the limited record before us, we cannot conclude that Swaney's sentences were contrary to law or clearly and convincingly unsupported by the record. Swaney's third assignment of error is overruled.

### V. Conclusion

{¶ 37} The trial court judgments will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck
Lisa M. Light
Carlo C. McGinnis
Hon. Barbara P. Gorman